The State v. Vaughan.

---

## THE STATE v. VAUGHAN.

1. **Criminal law :** ONCE IN JEOPARDY: DISCHARGE OF JURY. The discharge of the jury, in a criminal prosecution, on the ground that they are not able to agree, is a matter for the sound discretion of the court, and, when not abused, will not work a discharge of the prisoner on the ground that he has been put in jeopardy.

2. —— ERROR WITHOUT PREJUDICE. That the prisoner was not present in such case when the jury were brought into court, and that the names of the jury were not called, as provided by statute, will not operate to reverse the case, when it appears that no prejudice could have resulted to the prisoner from the irregularity

*Appeal from Jefferson Circuit Court.*

WEDNESDAY, JULY 27.

INDICTMENT for forgery. The defendant appeals. The facts of the case are stated in the opinion.

*Charles Negus* for the appellant.

*H. O'Connor*, attorney-general, for the state.

COLE, Ch. J. The defendant was indicted for forgery, and put upon his trial. The cause was submitted to the

The State v. Vaughan.

1. CRIMINAL LAW: once in jeopardy: discharge of jury. jury on the sixth day of January, 1870, in the afternoon; the jury remained out till next day in the afternoon, when they sent a note to the judge that they could not agree, and by order of the court the bailiff brought them into court, and, without the names of the jury being called, they were asked by the court if they could agree upon a verdict, when one of the jury said they could not. They were then asked how they stood, when the foreman or one of the jury replied that they stood five to seven, and had so stood since about twenty minutes after they went out, and that he did not think there was any chance of their agreeing upon a verdict. And the court being satisfied that the jury were all present, and that they could not agree, they were discharged. The defendant was not present, being confined in the jail, and had no knowledge of these proceedings until after the jury were discharged; his attorney was present, but otherwise engaged, and did not know what was being done. The defendant, upon these facts, moved to be discharged, on the ground that he had been put in jeopardy once, and could not again be put upon trial. This motion was overruled. Defendant appeals.

Whether the discharge of a jury under the circumstances of this case will entitle the defendant to a discharge, as having been once in jeopardy, is a question upon which the authorities are discordant. In Pennsylvania, Virginia, North Carolina, Tennessee, Indiana, and, perhaps, other states, it is held that a discharge of the jury by the court, except in cases of absolute and imperative necessity, will entitle the accused to his discharge. While the federal courts and the courts of Massachusetts, New York, Illinois, Kentucky, Mississippi, and, perhaps, other states, hold that the discharge of the jury in such cases is a matter of sound discretion, and presents no impediment to a second trial.

Without reviewing the arguments in support of the holdings, or stating at length the reasons which prompt us thereto, we are very cordially agreed in holding to the latter view, that it is a matter of sound discretion, and, as a consequence, that the court did not err in refusing to discharge the defendant. See Rev. §§ 4821, 4822; *The State* v. *Redman*, 17 Iowa, 329, and cases there cited.

The defendant should have been present (Rev. §§ 4681, 4706, 4826, etc.); and the names of the jury should have

2. —— error without prejudice.

been called. Rev. § 4827, etc. But if the defendant had been present, he could only have objected, and since such objection would and must have been unavailing, no prejudice can have resulted to him by his absence. And so, of calling over the names of the jurors; such act would only have shown them present, a fact of which the court could and did satisfy itself as certainly as by the calling over the names.

Affirmed.