## THE STATE *v.* WILSON.

CRIMINAL LAW.—*Discharge of Jury in Absence of Prisoner.*—Where, on the trial of an indictment for murder, after the jury had been deliberating of their verdict for thirty-two hours, and after they had answered that there was no probability of their agreeing upon a verdict, the court discharged the jury without the presence of the defendant, he being confined in jail, such discharge might be pleaded in bar of further prosecution.

From the Marion Criminal Circuit Court.

*C. A. Buskirk,* Attorney General, and *J. M. Cropsey,* Prosecuting Attorney, for the State.

*W. W. Leathers,* for appellee.

BIDDLE, C. J.—Robert Wilson, with John Cope, was indicted for murder. Wilson pleaded not guilty to the indictment, and was put upon trial by jury. The trial progressed, the evidence was introduced, the argument of counsel heard, and instructions of the court given. The jury retired to consider of their verdict, and, after deliberating thirty-two hours, were returned into court. They were interrogated by the court as to what the probability was of their agreeing upon a verdict, and they answered, " there was none." Thereupon the court discharged the jury from the further consideration of the cause. The appellee afterwards specially pleaded the discharge of the jury in bar of the further prosecution of the case.

The plea sets out the proceedings formally, and avers that " such proceedings were then and there had in said case, that on the 20th day of November, 1874, the said jury, having been duly charged by the said court, at the hour of eleven o'clock and twenty-five minutes A. M. of said last mentioned date, they retired under the charge of a sworn bailiff of said court to consider of their verdict, and that said jury continued their deliberations till the hour of fifteen minutes before eight o'clock P. M. of the 21st day of November, 1874, and having failed to agree upon their verdict, they, the said jury, were thereupon brought into court by their said bailiff, by the order

of said court, in the absence of this defendant, the said Robert Wilson, and while he was then confined and restrained in the jail of said county, and without his knowledge or consent, directly or indirectly ; and the said court proceeded then and there to interrogate said jury upon the probability of their agreeing upon a verdict in said cause, and the said jury then and there informing the said court that there was no probability of their agreeing upon a verdict in said cause, the said court thereupon discharged the said jury from a further consideration of said cause, this defendant, the said Robert Wilson, not being then and there present, but being then confined and restrained in the jail of said county by the sheriff thereof, and without his knowledge or consent as aforesaid."

The State demurred to this plea for want of sufficient facts. The demurrer was overruled, and proper exception taken.

We are of opinion that the discharge of the jury, under the circumstances averred in the plea, would have been proper, if the appellee had been present in court, even though he had objected to the discharge, unless he had shown some good ground why the jury should not have been discharged ; and in such case the discharge could not have been pleaded in bar of the further prosecution of the case. *McCorkle* v. *The State*, 14 Ind. 39 ; *The State* v. *Walker*, 26 Ind. 346 ; *Shaffer* v. *The State*, 27 Ind. 131 ; *The State* v. *Leunig*, 42 Ind. 541 ; and *Kingen* v. *The State*, 46 Ind. 132.

The more difficult question is : What was the effect of the enforced absence of the prisoner from court at the time the jury was discharged ?

It was the right of the prisoner to be present at the trial during all its stages. "No person prosecuted for any offence punishable by death, or by confinement in the state prison, or in the county jail, shall be tried, unless personally present during the trial." 2 G. &. H. 412, sec. 94. How far a prisoner may waive this right, either expressly or by his voluntary absence, need not be discussed here, as the question is not in the case. By the averments in the plea, the prisoner waived no right, and could not possibly have been present, by his own

act, at the time the jury was discharged. A verdict against the prisoner, under such circumstances, would have been erroneous, and some authorities hold such a verdict void. *State* v. *Hurlbut,* 1 Root, 90 ; *State* v. *Braunschweig,* 36 Mo. 397 ; *Price* v. *The State,* 2 Morris St. Cas. 1168 ; *Dunn* v. *The Commonwealth,* 6 Penn. St. 384; *Dougherty* v. *The Commonwealth,* 69 Penn. St. 286 ; *Sneed* v. *The State,* 5 Ark. 431. A verdict of acquittal, under such circumstances, would, of course, forever bar a further prosecution.

It remains for us to decide what ought to be the effect, where no verdict is rendered, and the jury is discharged, according to the facts alleged in the plea. We have been unable to find any decision or precedent to guide us in such a case. Mr. Wharton, in speaking of the presence of the prisoner at the reception of the verdict, says :

" In felonies such presence is essential ; and cases have not been unknown where the courts have refused to permit this right to be waived. Thus a verdict of burglary was set aside in Pennsylvania, when it was taken in the defendant's absence, although his counsel waived his right to be present." Whart. Crim. Law, sec. 2999 ; *Prine* v. *The Commonwealth,* 18 Penn. St. 103 ; *Andrews* v. *The State,* 2 Sneed, 550; and *Jackson* v. *The Commonwealth,* 19 Grat. 656.

In the same section the author continues :

" It is scarcely necessary to say that in cases where corporal punishment may be assigned, absence during rendition of the verdict, without waiver, vitiates the proceedings. And in fact this is exacted by the common law form, which requires the jury to look on the prisoner, and the prisoner to look on the jury, when the verdict is rendered. The better view is that in capital, if not in all felonies, the record must show that the defendant was present at trial, verdict, and sentence."

It is held, too, and we believe it is the universal practice in all felonies, that the prisoner, after verdict and before sentence, shall be be inquired of by the court if he has anything to offer why the judgment of the law should not be pronounced against him. And even at this stage of the case he may move

in arrest of judgment, for want of sufficient certainty in the indictment as to person, time, place, or offence ; and if his objections be valid, the whole proceedings shall be set aside. 4 Bl. Com. 375 ; 2 G. & H. 420, sec. 122.

What the prisoner, in the case before us, if he had been present, might have offered to the court to show why the jury should not have been discharged, or whether anything, indeed, it is impossible for us to know ; but we are unwilling to adopt a rule which would deny him the right to offer whatever was in his power.

We think the facts stated in the plea constitute a sufficient bar to any further prosecution of the case, and that the court committed no error in overruling the demurrer.

The judgment is affirmed.