### J. E. RUDDER v. THE STATE.

*No. 3624.   Decided December 13.*

1.  **Practice—Discharge of the Jury.**—Under our statutes the jury may be discharged after the case is submitted to them when they can not agree and both parties consent to their discharge, or when they have been kept together for such time as to render it altogether improbable that they can agree; in this latter case the court in its discretion may discharge them.   This discretion of the trial court will be revised on appeal only when it has been abused to the prejudice of the accused.

2.  **Same—Former Jeopardy.** — The defendant's plea of former jeopardy recited that he was previously put upon trial under this indictment; that after being in retirement less than forty-eight hours the jury reported disagreement, and that they did not believe they could agree, whereupon the court, in the absence of the defendant and notwithstanding the refusal of the defendant's counsel to agree to the discharge of the jury, discharged them.   *Held,* that such showing was insufficient to make manifest that "it was altogether improbable that the jury could agree."

3.  **Same.**—It is beyond the legal authority of the trial court to discharge the jury in the absence of the defendant.   See the opinion on the question.

4. **Former Jeopardy.**—To the defendant's plea of former jeopardy setting out the facts above enumerated the State interposed a demurrer, which demurrer was sustained by the court and the plea stricken out. No controversy, however, was made as to the truth of the facts stated in the defendant's plea. *Held,* that upon its face the plea was sufficient and established former jeopardy; wherefore the trial court erred in sustaining the demurrer thereto and in striking it out.

APPEAL from the District Court of Bastrop. Tried below before Hon. H. Teichmueller.

The opinion discloses the case. The penalty assessed was a term of five years in the penitentiary.

*J. P. Fowler* and *Jones & Garwood,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a conviction for murder of the second degree.

Defendant pleaded former jeopardy in bar of this prosecution. In brief, his plea was that he had at a former term of court been placed upon his trial on this same indictment, and that the jury, after the case had been submitted to them and they had failed to agree upon their verdict, had been discharged by the court without the consent of and in the absence of this defendant, who at the time of said discharge was in confinement in the county jail under orders of the court.

A demurrer to this plea was interposed by the prosecuting officer, which was sustained by the court, and the plea was stricken out.

Our statute provides that "the jury may be discharged after the case is submitted to them when they can not agree and both parties consent to their discharge, or when they have been kept together for such time as to render it altogether improbable they can agree; in this latter case the court in its discretion may discharge them." Code Crim. Proc., art. 701. And it is further provided that "when a jury has been discharged as thus provided without having rendered a verdict, the cause may again be tried at the same or another term." Code Crim. Proc., art. 703.

It has time and again been held by this court that when the court below, under the authority of this statute (article 701), has exercised its discretion in discharging a jury this court would not revise the action unless it has been made clearly to appear that it has been abused to the prejudice of the accused. Varnes v. The State, 20 Texas Ct. App., 107; Clark v. The State, 28 Texas Ct. App., 189; O'Connor v. The State, Id., 288; Willson's Crim. Stats., sec. 1452.

The facts stated in the bill of exceptions taken to the action of the court in discharging the jury show that the case was submitted to the jury at 6 o'clock p. m. on the 26th day of April, 1890, and that at 4 o'clock p. m. on

the 28th day of April, 1890, the jury came into open court and announced that they were divided—seven to five—on their verdict, and did not believe they could agree; whereupon the court asked the counsel for defendant if they agreed to the discharge of the jury, and counsel replied that they did not agree. The court then discharged the jury from further consideration of the case.

When this proceeding was being had in the court the defendant was not present in court, but was confined by the sheriff in the county jail, and the discharge of the jury was without his consent and against his will.

It does not appear from these recitals that "*it was altogether improbable*" that they could agree. They stated, it is true, that "they did not believe they could agree." They had been out not quite forty-eight hours. Did this time, in connection with the doubtful statements made by them and the attitude in which they stood, render it altogether improbable that they could agree? We do not think so. But conceding, for the sake of argument, that the court did not abuse its discretion in this particular, the further question remains, could the court discharge the jury without the presence and in the absence of defendant? If not, then the plea of former jeopardy was, in this phase of the matter, a good plea, and the court erred in not sustaining it.

Our statutes provide that "in all prosecutions for felonies the defendant must be personally present on the trial." Code Crim. Proc., art. 596. His presence is especially required when certain proceedings are had. Code Crim. Proc., arts. 695, 696, 697, 698. He must be present when the verdict is read. Art. 711. These are the only statutes on the subject. But jeopardy is a constitutional right, and it is not to be restricted or abridged by statutory provisions or omissions.

We have no express rule with regard to the presence or absence of a defendant when the jury are to be discharged on account of a failure to agree, but it is declared that "whenever the Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern." Code Crim. Proc., art. 27. At common law the well established practice is that a prisoner accused of felony shall appear in person in all proceedings had in his case. 1 Chitty Crim. Law, 411, 414; Sperry v. The Commonwealth, 9 Leigh, 623.

"This necessity for the presence of the defendant in a capital case exists through every stage of the trial." See a most elaborate and valuable note to Sperry v. The Commonwealth, 1 Leading Criminal Cases (2 ed.), 433; see also Gibson v. The State, 3 Texas Court of Appeals, 437; Sweat v. The State, 4 Texas Court of Appeals, 617.

In Mapes's case, 13 Texas Court of Appeals, 85, it is said: "It is an improper practice to take any step or have any proceeding, however trivial, formal, or unimportant it may appear to be, when the defendant is not present; and it is material error which will render the proceeding

absolutely void where such proceeding is had during the trial of the case in the absence of the defendant." See also Granger v. The State, 11 Texas Ct. of App, 454.

Mr. Bishop says: "The prisoner's right to be present at the rendition of the verdict is perfect; at least unless he waives it. And he is also entitled to be present when, if the jury can not agree, the court therefore discharges them. To discharge them in his absence is in law to acquit him." 1 Bish. Crim. Proc. (3 ed.), sec. 272.

In the State v. Wilson, 50 Indiana, 487, it was held that "where on the trial of an indictment for murder, after the jury had been deliberating on their verdict for thirty-two hours, and after they had answered that there was no probability of their agreeing upon a verdict, the court discharged the jury without the presence of the defendant, he being confined in jail, such discharge might be pleaded in bar of further prosecution." That case is directly in point with the one we are considering, and is in our opinion supported by reason and authority.

As stated above, the prosecution in this case demurred to defendant's plea of former jeopardy, and the court struck out said plea on said demurrer. The plea in our opinion was upon its face a good one, and the court erred in sustaining the demurrer and striking it out. There is no controversy as to the facts upon which the plea was based. We have stated them substantially. These facts establish to our minds most clearly a case of former jeopardy.

Our Constitution and our laws declare that "no person for the same offense shall be twice put in jeopardy of life or liberty." Bill of Rights, sec. 14; Code Crim. Proc., art. 9.

Having been once put in jeopardy on this indictment, the defendant could not again be legally put upon trial under it. Therefore the judgment is reversed and a further prosecution of this case is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.