Argued July 27, decided August 10, 1909.

## STATE *v.* TURPIN.

[103 Pac. 438.]

CRIMINAL LAW — TERMINATION OF TRIAL — DISCHARGE OF DUTY — ACQUITTAL.

Section 953, B. & C. Comp., provides that, if no judge attends on the day appointed for holding a court before 4 o'clock in the afternoon, the court shall stand adjourned until the next day at 9 o'clock, and if no judge attend on that day before 4 o'clock in the afternoon, it shall then stand adjourned for the term. Defendant's trial was commenced on October 28, 1907, the jury impaneled and testimony taken, but the next day, while counsel were proceeding with their argument, information was received that the Governor had proclaimed that day a legal holiday, whereupon the jury were allowed to separate until the next judicial day. A succession of holiday proclamations followed each day until the 5th of December, when an interval of three days ensued, during which no holidays were proclaimed. On December 8th holidays were again proclaimed, and continued until December 14th. *Held* that, no court having convened during the three days' interval between the holidays declared, the court stood adjourned for the term, which operated as an acquittal, under the rule that a discharge of the jury without legal necessity therefor, before verdict, amounts to an acquittal.

From Linn: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE McBRIDE.

Ralph Turpin was arrested and brought before a justice of the peace in Linn County, and by his order held to answer before the circuit court for the crime of rape. He gave the usual statutory undertaking of bail in the sum of $1,000, with J. H. Turpin, C. H. Devine and J. C. Devine as sureties, for his appearance at the trial of said cause in the circuit court. On the 24th of June, 1907, he was duly informed against for said crime of rape, and arraigned on said charge, and thereafter filed his plea of not guilty thereto. On October 28, 1907, the cause came on for trial, a jury was impaneled, and the testimony taken. The next day, while counsel were proceeding with their argument, information was received that the Governor had proclaimed that day a legal holiday, and the jury were allowed to separate until the next judicial day. A succession of holiday proclamations followed each day until the 5th day of December, 1907, when an interval of three days ensued, during which no holidays were proclaimed. On the 8th day of December

the Governor again issued a proclamation declaring that day a legal holiday, and continued so to do until December 14, 1907. No court convened during the three days' interval above mentioned. On the 20th day of January, 1908, the court made an order directing the sheriff to cause defendant Turpin to be present in court on the 24th day of January, 1908, and ordered that he be prepared to resume the trial on that day. On the day appointed for the trial the court convened, with the jury all present, but the defendant failed to appear, and, after taking the testimony of the sheriff—which was to the effect that he could not find the defendant after diligent search, and that he had fled the State—the jury were excused from further attendance on the court. On the 27th day of January, 1908 the court met in special session, by virtue of an order calling a special term of said court, and at the said special term the cause was continued by consent of the parties till the next regular term. On March 9, 1908, being the next regular term, the case was called for trial, but the defendant failed to appear, and his default was duly noted, and his undertaking of bail declared forfeited. Thereupon this action was commenced to recover $1,000, the amount of his undertaking of bail. The complaint is in the usual form.

Defendant's answer, among other things, showed the various adjournments of court, the various holiday proclamations of the Governor, the fact that three judicial days had intervened in which no court had been held; and claimed that by reason of the failure of the court and jury to convene during the three judicial days intervening between October 29, 1907, and December 14, 1907, the jury was discharged, and that, having been once in jeopardy, he could not thereafter be tried for this offense.

A reply denied the new matter in the answer. The plaintiff moved for judgment on the pleadings, which was granted, and from this judgment defendants appeal.

REVERSED.

For appellants there was a brief over the names of *Messrs. Weatherford & Wyatt,* and *Mr. N. M. Newport,* with oral arguments by *Mr. James K. Weatherford.* and *Mr. Newport.*

For the State there was a brief over the names of *Mr. John H. McNary,* District Attorney, and *Mr. Gale S. Hill,* Deputy District Attorney, with an oral argument by *Mr. Hill.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Several questions are raised in this appeal; but, for the reasons hereinafter indicated, we think that there is one which decisively settles the case, and renders it unnecessary to consider the others. The jury were permitted to separate on the 29th day of October, 1907, the first day proclaimed as a public holiday. On the 5th, 6th, and 7th days of December no proclamations were issued, and these were judicial days. No judge was in attendance, and no court held on either of these days. In consequence of this failure to hold the court it stood adjourned for the term, and the jury were discharged. Section 953, B. & C. Comp., is as follows:

"If no judge attend on the day appointed for holding a court, before four o'clock in the afternoon, the court shall stand adjourned until the next day at nine o'clock; and if no judge attend on that day, before four o'clock in the afternoon, it shall then stand adjourned for the term."

A discharge of the jury without a legal necessity therefor, before verdict, will have the legal effect of an acquittal. *State* v. *Richardson,* 47 S. C. 166 (25 S. E. 220: 35 L. R. A. 238) ; *Teat* v. *State,* 53 Miss. 439 (24 Am. Rep. 708) ; *State* v. *Smith,* 44 Kan. 75 (24 Pac. 84: 8 L. R. A. 774: 21 Am. St. Rep. 266) ; *State* v. *Nelson,* 19 R. I. 467 (34 Atl. 990: 33 L. R. A. 559: 61 Am. St. Rep. 780) ; *Commonwealth* v. *Fitzpatrick,* 121 Pa. 109 (15 Atl. 466: 1 L. R. A. 451: 6 Am. St. Rep. 757).

The defendant having therefore been substantially acquitted by the discharge of the jury, without any physical or legal reason therefor, his presence in court at any subsequent time was not required.

It is fair to the court below to say that this condition of affairs arose from an oversight on the part of the Governor in not notifying the public that the holidays would cease, so that both judge and jury failed to discover any change from the regular holiday system that had theretofore prevailed since October 29th, and which was again resumed on December 8th. But this fact could not change the effect of the law in this regard, nor the status of the defendant. It has been repeatedly held that, whether the discharge of the jury arose from the arbitrary act of the court, or from some mere whim or caprice of judge or jury, or from some accident or blunder, it was immaterial; in either case the result would be the same—the discharge of the defendant. In *Teat* v. *State,* 53 Miss. 439 (24 Am. Rep. 708), the rule is stated as follows: "But if an acquittal would ensue by operation of law from a discharge proceeding from tyranny, it must spring also from one proceeding from mere whim or caprice; and, if from the latter, then equally will it follow where the discharge of the jury has been caused by some blunder or accident with which the accused had no connection."

It follows from these views that the court below erred in rendering judgment in favor of plaintiff and against the defendant, and its action is reversed, and the cause remanded, with directions to proceed in a manner not inconsistent with this opinion.        REVERSED.