Argued January 15, reversed January 29, 1929.

# STATE *v.* DAN CHANDLER ET AL.

(274 Pac. 303.)

For appellant there was a brief and oral arguments by *Mr. Frank E. Swope* and *Mr. Rex Kimmell.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. Francis T. Wade,* Deputy District Attorney.

BELT, J.—The defendant Dan Chandler was charged with the crime of assault and robbery, being armed with a dangerous weapon. The cause duly came on for trial on June 28, 1928, and was submitted to a jury for its deliberations at 5:50 P. M. on the following day. Five hours later the trial court, Hon. ROBERT G. MORROW, judge presiding, in the absence of the defendant and his counsel, and without their knowledge or consent, discharged the jury on account of its inability to agree upon a verdict. Neither was the district attorney present. At the time of this order of discharge, the defendant was confined in the county jail.

The cause was again set for trial and the defendant interposed a plea of former jeopardy "without conviction or acquittal," alleging certain facts relative to the discharge of the jury. He claims that such discharge has the legal effect of an acquittal and is, therefore, a bar to another prosecution for the same offense. Among other things, it is alleged by defendant that neither he nor his counsel was present in court at the time the jury was discharged. It is also averred: "that there was no extreme, manifest urgent, or imperious necessity, nor any special cause or reason, whatsoever, for the said discharge of such jury; nor any unforeseen occurrence arising rendering it impossible for a valid verdict to be ren-

dered in said cause and that such jury was wrongfully and irregularly discharged." To this plea of former jeopardy a demurrer was sustained by the court over which Hon. JACOB KANZLER, judge, presided. The trial thereafter proceeded—Hon. ARLINE G. WALKER, Judge presiding—under defendant's plea of "Not guilty" and, upon verdict of the jury, a judgment of conviction was entered against defendant. Hence this appeal.

1, 2. Does the record disclose that defendant, in violation of his constitutional right, has been twice put in jeopardy for the same offense? It is well established in this jurisdiction that jeopardy attached in the first trial when the jury was impaneled and sworn: *State v Steeves*, 29 Or. 85 (43 Pac. 947); *Ex parte Tice*, 32 Or. 179 (49 Pac. 1038). How was this jeopardy annulled? If the trial court, in the absence of the defendant was legally authorized to discharge the jury for its inability to agree, then there is no bar to the prosecution of the action; if, however, the absence of the defendant rendered the discharge of the jury an illegal proceeding, the plea of former jeopardy should have been sustained. In the consideration of this case we are assuming that the trial court exercised its sound legal discretion in determining that the jury were unable to agree upon the verdict. The finding of the trial court on the inability of the jury to agree is, in this state, absolute and conclusive and cannot be made the basis of a plea of former jeopardy. Relative to this question, this court, in *State v. Reinhart*, 26 Or. 466 (38 Pac. 822), said:

"There is some diversity of opinion and practice upon this question, but we believe the better view to be that when the jury, after having deliberated upon

their verdict such a length of time as the trial court may deem reasonable, shall make known in open court, *in the presence of the defendant,* their inability to agree and the court, having in view all of the circumstances surrounding the case, and being satisfied with such report, causes a finding to that effect to be entered in the journal, and thereupon discharges the jury, the apparent jeopardy, which the record shows attached when the jury were impaneled, is annulled, and the defendant may again be put on trial for the same offense; and in such case the findings of the trial court are not subject to review by this court, and cannot be questioned on a plea of former jeopardy.''

This is the rule in the federal courts: *Logan* v. *United States,* 144 U. S. 263 (36 L. Ed. 429, 12 Sup. Ct. Rep. 617). Also, see 1 Bishop's New Criminal Law, Section 1041. However, this discretion should be exercised with caution. As was said by Mr. Justice STORY in *United States* v. *Perez,* 9 Wheat. (U. S.) 580 (6 L. Ed. 165) and quoted with approval in *State* v. *Shaffer,* 23 Or. 555 (32 Pac. 545):

'' * * the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and in capital cases especially, courts should be extremely careful how they interfere with any of the chances of life in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the judges under oaths of office.''

3–5. When a jury is discharged for its inability to agree, trial courts, in entering the order, should be careful that the jeopardy which is attached is affirmatively shown to have been nullified. This can be done

by adhering to the form of entry as suggested in *State* v. *Reinhart, supra*. In the instant case, the order of discharge of the jury is indeed meager. It does not recite the presence of the defendant nor that the jury reported in open court that it was unable to agree. We are not disposed, however, to decide this case upon the form of the journal entry. We pass to the vital question: Was the action of the court, in the absence of the defendant, unauthorized by law? Was there a failure to annul the jeopardy? Did it amount to an acquittal? If these questions be answered in the affirmative, then it follows that defendant has twice been put in jeopardy for the same offense.

If there is anything fundamental and well established in criminal procedure it is the right of an accused person, on a felony charge, to be present during all of the trial. The statute, Section 1512, Or. L., in mandatory language provides: "If it be a felony he must be present in person." His presence is essential to the validity of the proceeding. Assuming there was a legal necessity for the discharge of this jury, it could not be done in the absence of the defendant, who at that time was confined in jail. The presence of the accused is not a mere form. It is a sacred and inalienable right which has been won through the struggle of the ages. To hold that a court could arbitrarily and capriciously discharge a jury in the absence of the defendant, on a felony charge, would, indeed, be establishing a dangerous precedent. It is idle to argue that the discharge of the jury would not materially affect the rights of the defendant. Has he no right to be heard? Who can say that he might not have urged some reason which would have influenced the court in the exercise of its

discretion? Indeed, we think it reasonable to assume that, if defendant had been present with his counsel and objection had been made to the discharge of the jury on account of the short time covered by their deliberations, the court would have been more reluctant so to act. We hold that the presence of the defendant was essential to the validity of the proceedings and the unlawful discharge of the jury is, in legal effect, an acquittal of the defendant. He cannot again be put in jeopardy. This conclusion is supported by the overwhelming weight of authority: *Bagwell* v. *State,* 129 Ga. 170 (58 S. E. 650); *State* v. *Wilson,* 50 Ind. 487 (19 Am. Rep. 719); *State* v. *Sommers,* 60 Minn. 90 (61 N. W. 907); *State* v. *Shuchardt,* 18 Neb. 454 (25 N. W. 722); *State* v. *Alman,* 64 N. C. 364; *People ex rel. Stabile* v. *Warden City Prison,* 139 App. Div. 488 (124 N. Y. Supp. 341); *Vela* v. *State,* 49 Tex. Cr. 588 (95 S. W. 529); *Rudder* v. *State,* 29 Tex. App. 262 (15 S. W. 717); *Upchurch* v. *State,* 36 Tex. Cr. 624 (38 S. W. 206, 44 L. R. A. 694). It is said in 1 Wharton's Criminal Law (11 ed.) 525:

"For whatever cause a jury may be discharged, in accordance with the provisions of law regulating the exercise of this extraordinary power, the discharge must take place in open court, and in the presence of the defendant; otherwise the discharge of the jury will be equivalent to an acquittal of the accused."

In 16 C. J. 251, we find:

"As accused has a constitutional right to be present during the whole trial, the discharge of the jury in his absence, for whatever cause, operates as an acquittal, unless such absence is caused by his flight, or illness, in which case the court may discharge the jury and accused may again be indicted."

See cases collated in note to *Upchurch* v. *State* (Tex.), 44 L. R. A. 694. We have been able to find only three cases to the contrary: *State* v. *Vaughan*, 29 Iowa, 286; *State* v. *White*, 19 Kan. 445 (27 Am. Rep. 137), and *Yarbrough* v. *Commonwealth*, 89 Ky. 151 (12 S. W. 143, 25 Am. St. Rep. 524), and they cite only one another in support of what we think is an erroneous conclusion.

6, 7. The precise question has never been decided by this court, although it is very apparent from the language used in cases closely analogous that it has approved the rule announced by the great majority of the courts. It can be said with certainty that an improper or unwarranted discharge of the jury in a felony case has the legal effect of an acquittal: *State* v. *Turpin*, 54 Or. 367 (103 Pac. 438) ; *Ex parte Tice*, *supra*. It is not essential to a plea of former jeopardy that there be a formal judgment of conviction or acquittal. *Ex parte Tice* cites with approval *State* v. *Wilson*, 50 Ind. 487 (19 Am. Rep. 719), which is squarely in point and holds that the discharge of a jury under the facts disclosed by this record is equivalent to an acquittal. In *State* v. *Holloway*, 57 Or. 162 (110 Pac. 397, 791), it was said:

"The defendant having been formally charged with the commission of a felony, had a right to be present during the entire trial (Sec. 1378 B. & C. Comp.), and, if he was confined in jail and not represented by counsel when the first jury were discharged, as stated in the plea, his further prosecution, based on the charge specified in the indictment, might have been a matter of grave doubt: 12 Cyc. 270; *State* v. *Wilson*, 50 Ind. 487 (19 Am. Rep. 719)."

In *State* v. *Moore*, 124 Or. 61 (262 Pac. 859), Mr. Justice ROSSMAN, speaking for the court, said:

"In *State* v. *Spores*, 4 Or. 198 and *State* v. *Holloway*, 57 Or. 167 (110 Pac. 397, 791), we held that it was error to discharge the jury in the absence of the defendant. In the former case the jury had agreed upon a verdict of guilty. In the latter case the jury had disagreed. In both cases a substantial right of the defendant was affected; in the former the defendant might have desired to poll the jury. In the latter the important function of determining whether the jury should be kept together longer or discharged took place in the absence of the defendant."

In the light of the authorities we are constrained to hold that the plea of former jeopardy should have been sustained. We are not responsible for the situation which has arisen. The failure to have the defendant present in court can only be attributed to inadvertence, but whatever may be the reason, it is immaterial so far as the legal consequences are concerned.

It follows that the judgment of conviction is reversed and the cause is remanded with directions to discharge the defendant from custody.

REVERSED.

COSHOW, C. J., and BEAN and BROWN, JJ., concur.