## 14850

STATE v. FARNE *ET AL.*

(1 S. E. (2d), 912)

*Messrs. A. H. Dagnall* and *C. B. Earle,* for appellant,

*Mr. Rufus Fant, Solicitor,* for the State.

March 28, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The appellants, J. A. Farne and S. G. Kennedy, were jointly tried upon an indictment which charged J. A. Farne, alias E. A. Beckenridge, with the offense of uttering an alleged forged bank check, and which charged Kennedy as accessory before the fact as to such alleged uttering.

The case was called at the September, 1938, term of the Court for Anderson County, and resulted in a mistrial. At the succeeding November term of said Court the appellants were arraigned upon the same indictment upon which they had previously been put upon trial. Before the jury was drawn and empaneled they interposed a special plea of former jeopardy, based upon the ground that upon their former trial, at the September term, the Court, in the involuntary absence of the appellants, while they were con-

fined and restrained in the Anderson County jail, without their knowledge or consent, and before a verdict was returned, ordered a mistrial, and discharged the jury sitting upon their case. Upon these facts the appellants asserted that having been once put in jeopardy upon the same indictment in the same Court for the same offense, they could not be further legally prosecuted.

To this plea the solicitor demurred, and also pleaded waiver of the presence of the appellants at the time the mistrial was ordered and the jury discharged. The Court overruled the plea of former jeopardy, and sustained the demurrer. The trial thereupon proceeded, resulting in the conviction of the appellants, following which they made a motion for a new trial and for arrest of judgment, which was overruled.

The first question presented by this appeal is, did the lower Court commit error in ordering a mistrial at the September term of the Court in the involuntary absence of the appellants, without their knowledge or consent, and while they were confined in the Anderson County jail.

The facts are not in dispute. It appears that the jury sitting upon the case retired to consider the verdict at 12:45 p. m. Twelve hours later, at 12:45 a. m., the mistrial was ordered and the jury discharged because of their inability to agree upon a verdict.

The appellants were represented by Messrs. Dagnall and Earle of the Anderson Bar. When the case was given to the jury, Mr. Dagnall left the Court room, but Mr. Earle remained in Court from the time the jury retired to consider the verdict until the mistrial was ordered. Twice during the twelve hours that the jury had the case under consideration they were recalled to the Court room by the presiding Judge, who inquired of them if it was probable that they could reach an agreement. He also inquired whether the jury wished any further instruction upon the law. The jury informed him that they desired no further instruction on the

law, and each time retired for further deliberation. Upon both of these occasions the trial Judge noted the absence of the defendants from the Court room, but in each instance, Mr. Earle, upon inquiry from the Court, stated that he would waive their absence. However, when the jury was finally recalled to the Court room, at 12:45 a. m., and discharged, the defendants still being absent and in jail, no further inquiry was made of Mr. Earle upon the question of waiver.

In overruling the plea of former jeopardy the trial Judge stated that the mistrial was ordered because the jury informed him that they were unable to agree, and, in his opinion, the appellants suffered no prejudice by not being actually present when the mistrial was ordered and the jury discharged.

The power to discharge a jury is not to be arbitrarily exercised. One of the constitutional rights of a party charged with crime is, that he is not to be twice put in jeopardy for the same offense; and the power of a Court to discharge a jury which has been sworn to pass upon the question of his guilt or his innocence, must be exercised with a view to preserve inviolate his constitutional right in this respect. However, the inability of a jury to agree upon a verdict after due time for deliberation constitutes a proper ground for their discharge, and will constitute no bar to another trial of the defendant. *State v. Bilton,* 156 S. C., 324, 153 S. E., 269.

The appellants do not question that a manifest necessity existed for the discharge of the jury, and make no assertion that the Court failed to exercise a wise discretion thereabout. But they contend that their constitutional right to be personally present at every step and stage of their trial was infringed upon when the mistrial was ordered and the jury discharged during their involuntary and enforced absence.

The specific question presented has never been passed upon by this Court. The case of *State v. James,* 116 S. C., 243,

107 S. E., 907, 908, is cited by the appellants, but the facts are entirely different from the facts in the case at bar, and have no real application. That was a capital case, the defendant having been charged with murder, and it appears that the defendant, James, was in jail when the trial Judge recalled the jury to the Court room and gave them additional instructions. This Court held upon appeal, that the defendant had a right to be present "at every part of the trial proper, to hear the evidence, to hear the Judge's charge, to see, know, and hear what the Judge says when he communicates with the jury, in answering their questions or further instructing them, unless he absents himself under such circumstances as was done in *State v. Bramlett,* 114 S. C., 389, 103 S. E., 755." In the instant case, no additional instructions were given.

The identical question presented here was passed upon in *Yarbrough v. Commonwealth,* 89 Ky., 151, 12 S. W., 143, 144, 25 Am. St. Rep., 524, and the Court in that case held that the ordering of a mistrial in the enforced absence of a defendant for the reasons therein stated, constituted no bar. The Court said:

"An arbitrary discharge of the jury without any cause would be a bar. In this case, however, the jury, after considering the case for some time, reported that they could not agree, and were then discharged. It is true this was done in the absence of the accused, and while he was in jail. Properly he should have been in Court. He had a right to be there. Our constitution, in substance, so provides, as well as Section 183 of our Criminal Code. If he had been there, however, he could not have prevented the discharge of the jury. Under the circumstances, it was a matter altogether within the discretion of the trial Judge. An exception by the accused, if he had been present, would have been unavailing; and this Court, were he now here making the question, would answer it by saying that it was a matter discretionary with the lower Court, and we will not therefore interfere.

"In addition to this, it substantially appears affirmatively that the accused was not prejudiced by the Court's action. The jury considered the case for some time. They then reported their disagreement to the Court. He inquired of them as to the probability of their reaching an agreement, and was informed that there was none. They were then discharged.

"We fail to see why the accused is to be regarded as having been in jeopardy, and the mistrial as an end, virtually, of the prosecution, or as equivalent to an acquittal, because he was not present when the jury were discharged, any more than it would have been if he had been present. It was still merely a mistrial by the failure of the jury to agree. Moreover, he was not prejudiced by the disregard of his constitutional right to be present at every stage of his trial, and in such case this Court will not reverse the judgment. *Meece v. Commonwealth*, 78 Ky., 586."

In *State v. White*, 19 Kan., 445, 27 Am. Rep., 137, the facts were similar to the facts in the case at bar, except that at the time of the discharge of the jury not only was the defendant not in Court, but his attorney was also absent. The charge was a felony, and the Court, in holding that the plea of former jeopardy should not be sustained said: "Error is alleged in the discharge of the jury on the 4th day of May 1877, from further consideration of the cause, in the absence of the defendant and his counsel. * * * And the record shows that they were discharged because it appeared to the Court that the jury could not agree. While it is true that the Court should not have had the jurors called into the Court room and discharged in the absence of the defendant and his counsel, the error committed thereby was an immaterial one. * * * The irregularity of the Court consisted in taking action in the absence of the prisoner, and his counsel, not in the fact that the jury were discharged after it had been made to appear to the Court that they could not agree upon a verdict, and after a finding and entry of this fact were duly made a

matter of record. The Court had a right to discharge the jury after they had been kept together until it satisfactorily appeared that there was no probability of their agreeing. * * * In *The State v. Vaughan,* 29 Iowa, 286, it was held in a case very similar to this, that the defendant should have been present at the time the Court discharged the jury, but as the defendant if present could only have objected to the action of the Court, and since such objection would and must have been unavailing, no prejudice could have resulted from his absence, and hence such action of the Court would not operate to reverse the case, or discharge the prisoner."

We are in accord with the reasoning and conclusion reached in the foregoing cases.

In this case it clearly appears that the appellants suffered no prejudice. If they had been present in Court and had objected to the order of mistrial, such objection would have been and must have been unavailing. There are cases from other jurisdictions which adhere more rigidly to common law principles, which hold that a defendant in a criminal prosecution has a right to be present in Court at the time the jury is discharged before they have arrived at a verdict, especially where his absence is not due to his own voluntary or unlawful acts, and that if in such case the jury is discharged he cannot be charged again for the same offense, and his plea of former jeopardy will be good. Cases upholding this view are collected in the note appearing in 44 L. R. A., 694, following the report of the case of *V. A. Upchurch v. State of Texas,* 36 Tex. Cr. R., 624, 38 S. W., 206, 44 L. R. A., 694.

Under our system of administering the criminal law, persons accused of crime are granted many aids and safeguards, which the Courts sedulously enforce and protect. Developing· as a result of a period when an accused person was placed at a grave disadvantage at the hands of arbitrary Judges giving free rein to the despotic exercise of

power, the concept that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb" was incorporated in the Federal constitution, as well as in our own constitution. But in recent years, it is believed, there has been a reaction against the idea that the punishment of crime is a sort of invasion of natural right, and, a realization that, as Mr. Justice Holmes put it in his dissenting opinion in *Kepner v. United States,* 195 U. S., 100, 24 S. Ct., 797, 806, 49 L. Ed., 114, 1 Ann. Cas., 655, "at the present time in this country there is more danger that criminals will escape justice than that they will be subjected to tyranny."

It seems to us to be more in accord with the due administration of the law and the very dicta of good sense to hold, under the circumstances appearing here, that where the appellants have not been prejudiced by the order of mistrial and the discharge of the jury, no former jeopardy exists. In our opinion, therefore, no error was committed by the lower Court in overruling the appellant's plea of former jeopardy.

The appellant, Kennedy, demurred to and moved to quash the indictment, alleging that as to him it was ambiguous, duplicitous, contradictory, and contrary to law, the offense being alleged to have been committed in various places, both within and without the State.

Kennedy was charged in the indictment as being an accessory before the fact, in that he did feloniously and willfully incite, procure, counsel, and command his co-defendant, Farne, to commit the felony of uttering and publishing a forged cashier's check in the sum of $2,175.00. It is alleged in the indictment that these acts of counseling, etc., occurred in Anderson County and at other points, outside of South Carolina, including Asheville, North Carolina, and Nashville, Tennessee.

Appellants rely upon Section 17, Article 1 of the Constitution of 1895, which provides that "No person shall be

held to answer for any crime * * * unless on a pre-sentment or indictment of a grand jury of the county where the crime shall have been committed." It is argued that if a person outside of this State procures a felony to be committed in this State by a criminal agent, he is an accessory before the fact, and should be tried in the State where he instigates the crime, and not in the State where such crime is committed by the principal.

At common law an accessory before the fact is one who though not the chief actor in the offense, nor present at its performance, is in some way concerned therewith before the fact; one who, though absent at the time of the offense, yet procures, counsels, and commands another to commit it.

It is said in 16 C. J., Section 198, Page 163: "Although the general rule is that a State or sovereignty cannot punish for offenses committed beyond its territorial limits, it may pass laws in regard to its own citizens which will be binding and obligatory on them when they are beyond such limits, and for the violation of which they may be punished in its Courts, whenever it can find them within its jurisdictions. Aside from this, where a person, being beyond the limits of a State or Country, puts in operation a force which pro-. duces a result and constitutes a crime within those limits, he is as liable to indictment and punishment, if jurisdiction can be obtained of his person, as if he had been within the limits of the State or Country when the crime was committed."

Section 1021, 1932 Code, provides: "A person charged with the offense mentioned in Section 1937 (accessory before the fact), may be indicted, tried, and punished in the same Court and county where the principal felon might be indicted and tried, although the offense of counselling, hiring, or procuring the commission of such felony is committed on the high seas, or on land either within or without the limits of this State."

84

There are three elements that must concur in order to justify the conviction of one as an accessory before the fact: (1) That he advised and agreed, or urged the parties or in some way aided them, to commit the offense; (2) that he was not present when the offense was committed; (3) that the principal committed the crime. 16 C. J., 134.

The indictment in this case alleges these elements, and clearly charges that the offense was completed and consummated at Anderson, South Carolina. The counseling, etc., by the appellant, Kennedy, is alleged to have taken place not only at Anderson, but beyond the limits of Anderson County, and that the appellant, Farne, the principal felon, committed the "uttering and publishing" at Anderson. Under the authorities cited, in our opinion, the crime was completed and consummated in Anderson County, and the venue was properly laid in that county.

Nor do we think, as contended by the appellants, that the indictment was defective because of any failure to fully inform them of the nature and cause of the accusation. The time and place was alleged with such sufficient clearness and certainty as to afford full notice of the charge and to enable the accused to make their defense, and to plead the judgment rendered upon the indictment in bar to any second indictment for the same offense.

Exceptions overruled. Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.