[No. 29150. Department One. December 11, 1943.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK ULMO, JR., *Appellant.*[1]

[1] Reported in 143 P. (2d) 862.

*James W. Mifflin,* for appellant.

*Lloyd Shorett, John J. Quine,* and *Wm. R. Bell,* for respondent.

GRADY, J.—The amended information in this case charges Frank Ulmo, Jr., with the crime of taking and driving away a truck belonging to another. The defendant entered a plea of not guilty and a further plea of former jeopardy. The latter plea was based upon the fact that he had theretofore been tried before a jury on the same charge, and, after the jury had retired to deliberate on a verdict, it was discharged by the court in the absence of the defendant and his attorney. The jury in this case returned a verdict of guilty. The defendant moved for an arrest of judgment or, in the alternative, for a new trial. Both motions were denied. Judgment and sentence upon the verdict was entered, from which this appeal is taken.

It appears from the record that, at the first trial, the jury retired to deliberate at 2:15 in the afternoon. The appellant was taken to the county jail by the sheriff to await the return of the verdict. Approximately at 9:30 of the same day, the jury returned to the courtroom before a judge of the court other than the one who had presided at the trial. Counsel for the state was present. Neither the appellant nor his counsel was informed of the return of the jury, and, without either of them being present, the judge discharged the jury for the reason that it was unable to reach a verdict.

The question presented upon this appeal is whether,

upon the foregoing facts, the plea of former jeopardy should have been sustained by the trial court. The following are the constitutional and statutory provisions applicable:

"No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." Art. I, § 9, of the state constitution.

"In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, . . ." Amendment ten of the state constitution.

"No person prosecuted for an offense punishable by death, or by confinement in the penitentiary or in the county jail, shall be tried unless personally present during the trial." Rem. Rev. Stat., § 2145 [P. C. § 9372].

"The jury may be discharged by the court on account of the sickness of a juror, or other accident or calamity requiring their discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing." Rem. Rev. Stat., § 353 [P. C. § 8517].

 This court has held that, when an accused person is brought to trial, and it appears that the court has jurisdiction, the indictment or information is sufficient, and a jury has been impaneled and sworn, such accused person is then in jeopardy, and the discharge of the jury without his consent is equivalent to an acquittal on that charge. *State v. Wilson,* 91 Wash. 136, 157 Pac. 474. This rule, however, does not apply if the jury is discharged by the court because it appears to it that there is no probability that the jury will agree on a verdict. *State v. Costello,* 29 Wash. 366, 69 Pac. 1099; *State v. Barnes,* 54 Wash. 493, 103 Pac. 792, 23 L. R. A. (N.S.) 932. If the jury is discharged under such circumstances, and it does not appear that the court has abused its discretion, it amounts to a mistrial, and the accused can lawfully be brought to trial again before another jury.

The record does not affirmatively show what took place when the court determined that the jury should be discharged. But we think it must be presumed, in aid of the action taken by the court, that it, by appropriate inquiry,

satisfied itself that there was no probability that the jury would agree upon a verdict if it deliberated any longer.

The question as to whether it is a necessary prerequisite to the validity of the discharge of the jury that the accused be personally present with his counsel in court, is one that does not seem to have been passed upon by this court. The decisions in other states are in conflict. The nearest approach to the question by this court was in the case of *State v. Shutzler*, 82 Wash. 365, 144 Pac. 284. In that case, the jury reported its inability to agree upon a verdict. It was on a Sunday. The defendant was at liberty on bail. Neither the defendant nor his attorney was notified that the jury was to be brought before the court. When the jury was brought in, inquiry was made as to the probability of its arriving at a verdict if there were further deliberation. The trial judge made the customary statements to the jury as to the advisability of its reaching a verdict, the expense that would be involved in another trial, that each juror must be guided by his own judgment and conscience, but that it was proper for a juror to consider whether he might not be mistaken in his views, and requested the jury to return to the juryroom for further deliberation, adding that it was their duty to consider carefully the evidence under the instructions of the court and endeavor, if possible, to arrive at a verdict. About three hours later, the jury returned a verdict of guilty. On appeal, this court said, p. 367:

"It is a constitutional right of the accused in a criminal prosecution to appear and defend in person and by counsel (Const., Art. 1, § 22); and by statute (Rem. & Bal. Code, § 2145; P. C. 135 § 1181), it is provided that no person prosecuted for an offense punishable by death, or by confinement in the penitentiary or in the county jail, shall be tried unless personally present during the trial. These are rights that pertain to the accused at every stage of the trial when his substantial rights may be affected—the giving to the jury special instructions during the period of their deliberations being no exception—and any denial of the right without the fault of the accused is conclusively presumed to be prejudicial. [Citing cases.]

"Since it is the right of the accused to be present at every stage of the trial when his substantial rights may be affected, it is no answer to say that, in the particular proceeding, nothing was done which might not lawfully have been done had he been personally present. The excuse, if good for the particular proceeding, would be good for the entire proceedings; the result being a trial and conviction without his presence at all. The wrong lies in the act itself, in the violation of the constitutional and statutory right of the accused to be present and defend in person and by counsel.

"In the present case, the accused was absent without fault. It was a legal holiday, a day on which the court house doors could have been lawfully locked against him. It was enough that he remained within call, and that he did so remain is evidenced by the fact that he was readily found after the jury had announced an agreement upon a verdict."

In our reference to other cases, we have not considered those where the defendant voluntarily absented himself and did not make an appearance when he should have anticipated the possibility the jury might report, or he was ill and could not be present when the jury was discharged because of its inability to arrive at a verdict.

In the following cases it was held that, although the respective defendants had the right to be present when the question of the discharge of the jury because of its inability to reach a verdict was determined, but were not present for the reason that they were in jail, and the jury in each case was discharged after the court became satisfied of its inability to agree, nevertheless no substantial right of the defendants had been denied them, and their pleas of former jeopardy, when the cases were again called for trial, would not be sustained. *State v. Vaughan,* 29 Iowa 286; *State v. White,* 19 Kan. 445, 27 Am. Rep. 137; *Yarbrough v. Commonwealth,* 89 Ky. 151, 12 S. W. 143, 25 Am. St. 524; *State v. Farne,* 190 S. C. 75, 1 S. E. (2d) 912.

In the *Farne* case, the court, in support of the conclusion reached, quoted from *Yarbrough v. Commonwealth, supra,* as follows, p. 79:

" 'An arbitrary discharge of the jury without any cause would be a bar. In this case, however, the jury, after considering the case for some time, reported that they could not agree, and were then discharged. It is true this was done in the absence of the accused, and while he was in jail. Properly he should have been in Court. He had a right to be there. Our constitution, in substance, so provides, as well as Section 183 of our Criminal Code. If he had been there, however, he could not have prevented the discharge of the jury. Under the circumstances, it was a matter altogether within the discretion of the trial judge. An exception by the accused, if he had been present, would have been unavailing; and this Court, were he now here making the question, would answer it by saying that it was a matter discretionary with the lower court, and we will not therefore interfere.

" 'In addition to this, it substantially appears affirmatively that the accused was not prejudiced by the Court's action. The jury considered the case for some time. They then reported their disagreement to the Court. He inquired of them as to the probability of their reaching an agreement, and was informed that there was none. They were then discharged.

" 'We fail to see why the accused is to be regarded as having been in jeopardy, and the mistrial as an end, virtually, of the prosecution, or as equivalent to an acquittal, because he was not present when the jury were discharged, any more than it would have been if he had been present. It was still merely a mistrial by the failure of the jury to agree. Moreover, he was not prejudiced by the disregard of his constitutional right to be present at every stage of his trial, and in such case this Court will not reverse the judgment.' "

Opposite to the foregoing cases and what seem to be the weight of authority are the following cases: *State v. Wilson*, 50 Ind. 487, 19 Am. Rep. 719; *State v. Schuchardt*, 18 Neb. 454, 25 N. W. 722; *Rudder v. State*, 29 Tex. App. 262, 15 S. W. 717; *State v. Sommers*, 60 Minn. 90, 61 N. W. 907; *Vela v. State*, 49 Tex. Crim. App. 588, 95 S. W. 529; *Bagwell v. State*, 129 Ga. 174, 58 S. E. 650; *State v. Chandler*, 128 Ore. 204, 274 Pac. 303; *Holt v. State*, 160 Tenn. 366, 24 S. W. (2d) 886; *Stough v. State* (Okla. Crim. App.), 128 P. (2d) 1028.

The reasoning supporting the rule of these cases is shown by the following excerpt from the case of *State v. Chandler*, 128 Ore. 204, 274 Pac. 303, p. 208:

"If there is anything fundamental and well established in criminal procedure it is the right of an accused person, on a felony charge, to be present during all of the trial. The statute, Section 1512, Or. L., in mandatory language provides: 'If it be a felony he must be present in person.' His presence is essential to the validity of the proceeding. Assuming there was a legal necessity for the discharge of this jury, it could not be done in the absence of the defendant, who at that time was confined in jail. The presence of the accused is not a mere form. It is a sacred and inalienable right which has been won through the struggle of the ages.

"To hold that a court could arbitrarily and capriciously discharge a jury in the absence of the defendant, on a felony charge, would, indeed, be establishing a dangerous precedent. It is idle to argue that the discharge of the jury would not materially affect the rights of the defendant. Has he no right to be heard? Who can say that he might not have urged some reason which would have influenced the court in the exercise of its discretion? Indeed, we think it reasonable to assume that, if defendant had been present with his counsel and objection had been made to the discharge of the jury on account of the short time covered by their deliberations, the court would have been more reluctant so to act. We hold that the presence of the defendant was essential to the validity of the proceedings and the unlawful discharge of the jury is, in legal effect, an acquittal of the defendant. He cannot again be put in jeopardy. This conclusion is supported by the overwhelming weight of authority. [Citing cases.]"

In the *Schuchardt* and *Vela* cases, it does not clearly appear whether the defendants were in jail when the courts discharged the juries, but, as it does not appear that they were absent because of fault on their part, we have assumed that they were in jail, and, for that reason, include the cases as supporting the rule adopted by the majority view.

It seems to us from a consideration of all the foregoing cases that the greater weight of authority and the better

reasoning support the rule that, if an accused person, after being put in jeopardy, is in jail and not given the opportunity to be present in person with his counsel when the question of discharging the jury because of its inability to agree upon a verdict is brought before the court and the jury is discharged for that reason in his absence, such discharge is· unlawful and amounts to an acquittal of the defendant of the offense for which he was tried, and a plea of former jeopardy must be sustained if he is again brought to trial upon the same charge.

While the situation in *State v. Shutzler,* 82 Wash. 365, 144 Pac. 284, *supra,* is different from this case, the fundamental rights of the respective defendants were the same— the right to be personally present at all stages of the trial. The right to be heard upon the question of whether the jury should be discharged is just as substantial a right as to be present when the jury is requested to make further efforts to agree upon a verdict, and it is not a sufficient answer to say that the court, in the exercise of its discretion, would not be required to heed or be guided by anything the appellant might have said had he been present.

In order to determine whether a jury should be discharged, the court must take into consideration the length of the trial, the complexities of the issues, both of law and of fact, the number of witnesses who have testified, the time the jury has deliberated, ascertain from the jurors the probability or improbability of their arriving at a verdict if they should deliberate longer, and, perhaps, other considerations, and then reach a conclusion as to what action should be taken. It is generally recognized that the accused has the right to be present and be represented by counsel. But this right would be an empty thing if he and his counsel had no effective voice in the determination of what action the court should take. It is our opinion that this right is a substantial one, and a denial of it, as was done in this case, furnishes a legal basis for a plea of former jeopardy.

The judgment is reversed and the case remanded, with instructions to the trial court to grant the motion of the appellant for an arrest of judgment, and to enter an order sustaining the legal sufficiency of his plea of former jeopardy.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.

