STATE OF MINNESOTA v. HENRY SOMMERS.[1]

January 18, 1895.

No. 9038.

**"Jeopardy of Punishment."**

The accused is "put in jeopardy of punishment," in the legal and constitutional sense, when a jury is impaneled and sworn to try his case, upon a valid indictment.

**Right of Accused to Have Trial Proceed to a Verdict.**

After a jury is thus "charged with the prisoner," he is entitled to have the trial proceed to a verdict, unless some intervening necessity prevents.

**Felony—Right of Accused to be Present.**

While the inability of the jury to agree is such a necessity, yet, in a prosecution for a felony, the defendant has a right, unless he has waived it, to be present.

[1] Reported in 61 N. W. 907.

Discharge of Jury without his Consent Bar to Another Trial.
> Hence, when, in such a case, the jury is thus discharged without the consent of the defendant, and during his enforced absence,—he being confined in prison,—he cannot be tried again for the same offense.

Appeal by defendant from judgment of the district court for Wadena county, Holland, J., entered upon a verdict of guilty, and sentencing him to the state prison for seven years.　Reversed.

His plea alleged that upon the former trial the jury was discharged without the knowledge or consent of the defendant, or of his attorney.　The other facts are stated in the opinion.

*A. G. Broker*, for appellant.

*H. W. Childs* and *Frank Willson*, County Attorney, for the State.

MITCHELL, J. To an indictment for grand larceny, the defendant pleaded in bar former jeopardy of punishment for the same offense. In brief, his plea was that at a former term of court he had been placed on trial on the same indictment, and that after the case had been submitted to the jury the court, without his consent, and in his absence,—he being at the time confined in prison,—discharged the jury without a verdict, on the alleged ground of their inability to agree. The court sustained a demurrer to this plea, and the correctness of this ruling is the only question presented by this appeal.

The provision of the constitution, which is but declaratory of the common law, is that "no person for the same offense shall be put twice in jeopardy of punishment." What constitutes "jeopardy of punishment," in the legal or constitutional sense, and when it attaches, are questions upon which there is not entire harmony among the authorities.　But, notwithstanding some dissenting views on the subject, we think it may be considered as settled by the great weight of authority, and in accordance with sound principle, that a person is put in jeopardy of punishment, in the legal sense, when a trial jury is impaneled and sworn to try his case, upon a valid indictment, or, as it was expressed at common law, "when the jury is charged with the defendant." After a jury is thus charged with a prisoner, he is entitled to have the trial proceed to a finish by verdict, unless an intervening necessity prevents. It is a principle of the common law, as well as of common sense, that what becomes nec-

essary in the course of legal proceedings must be done. "All general rules touching the administration of justice must be so understood as to be made consistent with the fundamental principles of justice, and consequently all cases where a strict adherence to the rule would clash with those fundamental principles are to be considered as so many exceptions to it." Kinloch's Case, Foster, Crown Law, 16. In accordance with this principle, it is now well settled that, where there is a manifest necessity for so doing, the court may, even without the consent of the defendant, discharge a jury without a verdict, and that this will be no bar to trying the defendant again for the same offense. As to what facts and circumstances would create a legal necessity for a discharge of the jury without a verdict, it is not now necessary to consider, further than to say that it is settled that the inability of the jury to agree constitutes a moral necessity for their discharge from giving a verdict, which will prevent it being a bar to another trial. But in this connection there comes in another familiar principle in the administration of justice, viz. that in a prosecution for felony the accused must be, and has a right to be, present at every stage of the trial; at least, unless he has waived that right. He has the same right to be present at the discharge of the jury without a verdict as at any other step in the trial, for he may be able to show good reasons why they ought not to be discharged. In this case, the defendant having been once "put in jeopardy of punishment," and the jury having been discharged without his consent, and during his enforced absence,—he not having waived his right to be present,—it seems to us that it necessarily follows that he cannot be put again in jeopardy of punishment for the same offense. 1 Bish. Cr. Proc. § 272; State v. Wilson, 50 Ind. 487; Rudder v. State, 29 Tex. App. 262, 15 S. W. 717. It is true that, notwithstanding some difference of opinion as to the reason for the rule, it is now universally held that if, upon a review of the case either in the same or another court, a verdict of guilty is, upon the motion of defendant, set aside, he may be tried again for the same offense. But that is not at all analogous to the present case. The defendant has no right, under the constitutional provision now under consideration, to a review of his case after conviction, no matter how many errors may have been committed on the trial. To this right of review there may be attached such conditions as may be

deemed proper; and, in availing himself of this right by asking relief from a conviction, the defendant must accept it subject to the condition imposed, which is that, if the verdict is set aside for error, he may be tried again. But in the present case the defendant is not asking for any such relief, but is merely standing upon the facts and record as they are, and asserting his constitutional immunity from being again put in jeopardy of punishment for the same offense. The demurrer to the plea ought to have been overruled.

Order reversed.

CANTY, J. I concur. When the acccused has once been convicted, and on his motion the verdict is set aside, or judgment arrested, and he is placed on trial a second time for the same offense, and pleads former jeopardy, different courts have given different reasons why the plea should not be sustained. But it has generally been held that, by moving to set aside the verdict or arrest the judgment, he waives his constitutional right, and consents to be put a second time in jeopardy. Several text writers—notably, Bishop (see 1 Bish. Cr. Law, §§ 1042–1047)—attack this doctrine of waiver and consent by argument which, it seems to me, is unanswerable and conclusive, if, under the constitutional provision in question, the accused has a constitutional right to have reviewed the error occurring at the trial. The constitution provides, "No person for the same offense shall be put twice in jeopardy of punishment"; and it seems to me that the fallacy consists in assuming that under this provision the accused has a constitutional right to a review, when he is convicted. Does a law which prohibits all review of the errors of the trial court, except such as are jurisdictional, on the motion of the accused, violate this provision of the constitution? It certainly does not. Such a law could deprive the accused of the right of review, the same as the state is deprived of it, whether it be review by motion in the same court, or by appeal to another court. In defining this constitutional right of the accused, the law says to him, when he is put on trial: "If this indictment and all the prior proceedings are valid, and no unforeseen accident occurs, rendering a verdict impossible, such as the sickness of the judge, a juror, or the accused, or the failure of the jury to agree, you are put in jeopardy for better or for worse. You cannot be put again in jeopardy.

The result is final. But, whether the ruling of the court or the action of the jury is right or wrong, you shall abide by it. This is your constitutional right, and all of it. It does not guaranty that the judge will not err on the trial, or include a right to have such error reviewed. This is the extent of the right, and you take the burdens with the benefits." But the law is more merciful than this constitutional provision, and gives him another chance. The law gives him more rights than the constitutional provision gives him, but it attaches a condition to those rights. If the verdict is set aside, he shall be tried again. If he accepts the right, he cannot be heard to repudiate the condition. In the present case the defendant was put in jeopardy, though not convicted. He has not moved for any relief to which the condition can attach. He has not asked for any mercy. Under those circumstances the act of the judge, in discharging the jury in the enforced absence of the accused, amounted to an acquittal.