THE STATE OF KANSAS v. FRANK THURSTON, CHET THURSTON, AND PHILIP THURSTON.

No. 15,633.   (94 Pac. 1011.)

SYLLABUS BY THE COURT.

1. INFORMATION—*Arson*—*Allegation of Ownership of Property.* An information which, in addition to the formal parts, charges "that on or about the 26th day of November, 1906, in the night-time, in said county of Ellis and state of Kansas, Leonard Stanton, Philip Thurston, Chet Thurston, Frank Thurston, and Clarence Clarkson, did then and there unlawfully, feloniously, wilfully and maliciously set fire to and burn a certain frame building, to wit, a chicken-house, situated on the southwest quarter of section 11, township 11, range 17, in Ellis county, Kansas, the property of R. G. Finch," is sufficient as against a motion to quash the same on the ground that it does not sufficiently state the ownership of the property.

2. CRIMINAL PROCEDURE—*Presence of Defendant—Right Waived.* While a person indicted or informed against for a felony has the right to be personally present at every step of the trial on such charge, he may waive that right; and if while at liberty on bond he is voluntarily absent, without having been excused by the court, when the jury are brought into court at

their request, after they have retired to consider their verdict, and the court then permits a portion of the evidence, which had been delivered in the presence of the defendant, to be read from the stenographer's notes, he will be deemed to have waived such right, and a new trial will not be granted by reason of the absence of the defendant during such reading.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed March 7, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, and *J. P. Shutts,* for The State.

*George W. Holland,* and *H. L. Pestana,* for appellants.

The opinion of the court was delivered by

SMITH, J.: The defendants were arrested, tried and convicted of arson in the third degree for the burning of a chicken-house in the night-time and sentenced therefor in the district court of Ellis county.

Very numerous assignments of error are made, without any reference to the chronological order in the proceedings. Without regard to the order of assignment, we will first consider the motion to quash the information. The description of the crime charged therein is as follows:

"That on or about the 26th day of November, 1906, in the night-time, in said county of Ellis and state of Kansas, Leonard Stanton, Philip Thurston, Chet Thurston, Frank Thurston, and Clarence Clarkson, did then and there unlawfully, feloniously, wilfully and maliciously set fire to and burn a certain frame building, to wit, a chicken-house, situated on the southwest quarter of section 11, township 11, range 17, in Ellis county, Kansas, the property of R. G. Finch."

The objection raised to the information is that it does not charge the ownership of the chicken-house but does charge the ownership of the land. A technical grammatical construction would probably sustain this criticism, but with no great violence to the construction

of the sentence it may be interpreted as stating the ownership of the chicken-house, and as the defendants were charged with burning the chicken-house they could not have been misled as to the charge. In larceny ownership is necessary to be charged to identify the property; in this case the location answers that purpose.

"It is a well-established rule of criminal law that every indictment should contain a complete description of the offense charged, that it should set forth the facts constituting the crime so that the accused may have notice of what he is to meet and so that the court may know upon conviction what crime has been committed, but the highest degree of certainty is not required; certainty to a common intent is sufficient. 'No rule ought to prevail which would serve only to shield the guilty instead of protecting the innocent.'" (10 Encyc. Pl. & Pr. 475, note.)

The motion to quash was properly denied.

We note also in this connection that the defendants offered proof tending to show that the land described in the information was the property of A. Finch, the wife of R. G. Finch, and that this evidence was excluded. There was testimony, however, that R. G. Finch bought and paid for the material and erected the chicken-house, and was in possession thereof at the time of the fire, and that he and his wife were living together on the land at the time. It will be observed that the ownership of the chicken-house is not an element in the identification of the same in this case. Whether it belonged to R. G. Finch or his wife, A. Finch, it was as to the defendants the property of another. It was fully identified by location.

Again, it is urged that the court erred in denying the defendants' motion to quash the array of jurors. On the hearing of this motion it was admitted that prior to the drawing of the special venire the judge announced in open court that, the regular panel having been exhausted, he would proceed to the office of the

county clerk for the purpose of drawing a special venire in the case, and requested the clerk of the court and the attorneys for the state and the defendant to be present; that the panel was drawn by the county clerk, under the supervision of the judge, and in the presence of the attorneys for the state and defendants; that no justice of the peace was present or had been invited to be present; that immediately before the drawing each of the defendants objected to the manner of the drawing. The motion is based upon the absence of a justice of the peace. Under the second proviso in section 3816 of the General Statutes of 1901 we think it is contemplated that the presence of the judge shall obviate the necessity for the presence of a justice of the peace, and that the drawing was had in accordance with the provisions of this section.

Numerous objections are made to the reception and rejection of evidence offered, and also to the refusal of several instructions requested. We have examined all of the questions raised and have failed to discover any error prejudicial to the defendants. Several of the instructions asked included proper statements of law with inaccurate statements, and were properly refused; others might properly have been given, but so far as they were not covered by the instructions given do not seem to have been necessary to protect the rights of the defendants. No prejudicial error occurred in the refusal of the same.

We consider it necessary especially to notice only two objections raised on the motion for a new trial:

First, that the jury considered, in deliberating upon their verdict, that the defendants did not testify in their own behalf. The evidence to support this claim is found only on the testimony of one juror, who, referring to the time of their deliberations, said in substance that the jurors wondered why the defendants did not testify. He further said that he did not know that more than one juror referred to the matter. There is nothing to show that the jurors discussed the

omission of the defendants to testify or that they drew any inference therefrom. The evidence does not tend as strongly to show misconduct of the jury as in *The State v. Rambo,* 69 Kan. 777, 77 Pac. 563, in which case a new trial was granted on this ground.

Second, it was shown that, after the jury had retired to deliberate on their verdict, at their request they were brought into court about midnight, and at their request and in the absence of all the defendants, but in the presence of two attorneys for the defendants, the stenographer was permitted to read from his notes the evidence which had been given by two witnesses on the trial in the presence of the defendants. None of the defendants was in custody; they were all at large on bail. They were all in bed some distance from the court-house, and neither the court nor their own attorneys knew where they were. The circumstances were such that the defendants were bound to know that the jury were liable to be called into the courtroom at any time to deliver their verdict or for any other purpose, yet they voluntarily absented themselves therefrom. It was said, in *The State v. Way,* 76 Kan. 928, 93 Pac. 159:

"The right of the defendant to be present when a verdict is returned, secured to him by the statutory provision that 'no person indicted or informed against for a felony can be tried unless he be personally present during the trial' (Gen. Stat. 1901, § 5649), is one that may be waived, and if while at liberty on bond he is voluntarily absent, without having been excused by the court, when the jury reach an agreement a verdict against him may lawfully be received in his absence." (Syllabus.)

From the defendants' standpoint it would seem that the reception of an adverse verdict is a much more important step in the trial than the rehearsal of testimony which has already been delivered in their presence. Since the defendants may waive the former, there appears to be no reason for holding that they may not waive the latter. It does not appear that the

defendants in this case had been excused by the court, and their voluntary absence is held to be a waiver of their right to be present at the time referred to.

We have read the evidence presented in the abstract and find that it was amply sufficient to sustain the finding of the jury.

The judgment of the district court is affirmed.