STATE OF MISSOURI, Respondent, v. JAMES McCRARY, Appellant, No. 44987—287 S. W. (2d) 785.

Division Two, March 12, 1956.

*Ward & Reeves* for appellant.

*John M. Dalton*, Attorney General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney General, for respondent.

[786]   EAGER, P.J.—Defendant was charged by information with first degree murder. He was found guilty of second degree murder and sentenced to ten years' confinement. He has appealed. The case has been briefed here on his behalf, and the sole contention made is that a previous trial at which the jury was discharged for failure to agree, constituted former jeopardy. The point was raised at the last trial by motions for acquittal and after the trial by a motion for acquittal notwithstanding the verdict.

More specifically, the contentions of defendant are: that the discharge of the jury was improper because done in his absence; that he had clearly been placed in jeopardy, and that this jeopardy could only be nullified or terminated by a lawful and proper discharge of the jury; that, therefore, he must now be discharged. The proceedings of the first trial lasted three days, exclusive of the deliberations of the jury. The jury deliberated for approximately forty-six hours, less rather limited recesses. During this time its members had twice made "their report to the court," presumably concerning their progress. On the day of the discharge the record shows the following: "And now at 7:45 P.M. again come the jury in this cause into open court and again make their report to the court that they are now and have been unable to agree on the guilt or innocence of the defendant

herein and therefore the court doth order that the [787] jury selected to try this cause be discharged." It does not appear that the defendant was in custody at any time during either trial; on the contrary, the record indicates that he was at liberty on bond. By evidence adduced in support of the after-trial motion for acquittal it appears that at the time the jury reported finally and was discharged, defendant had voluntarily gone down to the county courtroom on the floor below the circuit courtroom; when he returned to the circuit courtroom, his son-in-law having called him, the jury was just leaving; he asserts that he then learned for the first time that the jury had been discharged. The record does not show whether his counsel was then present. No objection to the discharge of the jury was then shown of record.

The claim of defendant here is based on his right and privilege to be present at every material stage of the trial. See § 546.030, RSMo 1949, V.A.M.S. (all future references will be to those statutes unless otherwise stated), Rule 29.02 of this court, the double jeopardy provisions of § 19, Art. I, Missouri Constitution, 1945, and also § 18(a) of the same Article. It will be noted that § 19, supra, expressly confers upon the court the right, in its discretion, to discharge a jury which fails to render a verdict, thus expressly eliminating the double jeopardy defense if a jury is properly discharged. Section 546.030, supra, and Rules 29.02 and 29.03 provide that no person shall be tried for a felony unless he "be personally present during the trial," but that a verdict may be received by the court in his absence when such absence is "willful or voluntary." The proviso just mentioned was added by amendment in 1879 after this court held that it was reversible error for the trial court to receive a verdict of guilty in the absence of the defendant, even though her absence was due to the fact that she had escaped from the sheriff (State v. Buckner, 25 Mo. 167).

Counsel cite in support of their contention the following cases: State v. Smith et al., 90 Mo. 37, 1 S.W. 753; (reported in the latter citation by a different name) State v. Ulmo, 19 Wash. 2d 663, 143 P. 2d 862; State v. Chandler, 128 Or. 204, 274 Pac. 303; State v. Wilson, 50 Ind. 487; Stough v. State, 75 Okla. Crim. Rep. 62, 128 P. 2d 1028; Bagwell v. State, 129 Ga. 170, 58 S.E. 650; Upchurch v. State, 36 Tex. Crim. Rep. 624, 38 S.W. 206; Rudder v. State, 29 Tex. App. 262, 15 S.W. 717; Ex Parte Thomas, 127 Tex. Crim. Rep. 243, 75 S.W. 2d 681; State v. Reynolds, 345 Mo. 79, 131 S.W. 2d 552; Holt v. State, 160 Tenn. 366, 24 S.W. 2d 886; State v. Schuchardt, 18 Neb. 454, 25 N.W. 722; State v. Sommers, 60 Minn. 90, 61 N.W. 907; State v. Smith, 44 Kan. 75, 24 Pac. 84. We have considered and read all of these and various others. Space will not permit the discussion of each case individually. Most of these cases from other states held, generally, that a discharge of the jury in the absence of the defendant was equivalent to an acquittal because of the double jeopardy provisions

of their respective constitutions or statutes. In substantially all of those cases, however, it affirmatively appeared that the defendant was in jail at the time, and that his absence was most certainly not voluntary. The Ulmo, Stough, Bagwell and Wilson cases emphasize the fact of the enforced absence of the defendant; in fact, the court in the Ulmo case said that it was omitting a discussion of those cases where the defendant had voluntarily absented himself from the proceedings at a time when he should have anticipated that the jury might report. Some of the cases so cited appear to have been decided primarily on other points than the absence of the defendant (see: Upchurch, Holt and Schuchardt cases) as, for instance, that there was no sufficient showing of a necessity for the discharge of the jury at all. In State v. Reynolds, 345 Mo. 79, 131 S.W. 2d 552, it was merely held that when defendant requested and procured a continuance after the jury was empaneled he had consented to the discharge and could not later plead double jeopardy. We fail to see why counsel cited that case. In State v. Smith, 90 Mo. 37, 1 S.W. 753, it appeared that defendant had been absent during the entire voir dire examination of [788] the jury panel and at some preceding steps; the court offered to permit further examination when defendant appeared but refused to allow additional time for challenges, as requested. A motion to quash the panel was filed promptly and overruled. It appeared that defendant was not in custody, but it was not shown whether he had been notified when the jury would be examined. The court held that the motion to quash should have been sustained and reversed the judgment of conviction; in so doing it noted that defendant has been absent during a highly material part of the proceedings, that the public had an interest in the trial of criminal causes and that even if defendant's absence be considered voluntary, there could be no waiver. The court also said that the expression of the one exception in the statute (now § 546.030) permitting the court to receive a verdict during a voluntary or willful absence of the defendant, excluded all authority to take other steps in defendant's absence. No question of double jeopardy was involved there. We shall refer to this case again later.

Several courts have held that the absence of the defendant when a jury was discharged did not constitute prejudicial error or operate as an acquittal; this, largely on the theory that the discharge of the jury was a matter wholly within the discretion of the trial court, that defendant could have done nothing but object if he had been present, that such objection would undoubtedly have been unavailing, and that no prejudice had resulted. To this effect see: State v. Farne, 190 S.C. 75, 1 S.E. 2d 912; Yarbrough v. Commonwealth, Ky., 12 S.W. 143; State v. Vaughan, 29 Iowa 286; State v. White, 19 Kan. 445. In the Farne, Yarbrough and Vaughan cases the defendants were in jail. In the Farne case the court said that "* * * in recent years, it is believed, there has been a reaction against the idea that the punishment

of crime is a sort of invasion of natural right * * *,'' and held that it was more in accordance with due administration of the law and good sense to hold that there had been no former jeopardy. In Commonwealth v. McCarthy, 163 Mass. 458, 40 N.E. 766, a verdict of guilty was received during the voluntary absence of the defendant; Massachusetts had no statute, such as ours, expressly permitting this to be done. The court held that since defendant was not in custody (as the court said was true in most of the reported cases) he was not deprived of his *right* to be present and his voluntary absence would be deemed a waiver of that right; furthermore, that it would be wholly unreasonable to let a defendant have it within his power to make it impossible to complete the trial if, perchance, he should see indications that the verdict might be against him, for he might then by absconding, nullify all that had been done. The court might have well gone further, in view of the present contention, for it would seem that on defendant's theory here the defendant might by absconding, work an acquittal.

It has been held in various cases that a defendant waives his *right* to be present at a given stage of the trial by voluntarily absenting himself. Thus, see: Hill v. State, 17 Wis. 675, 86 Am. Dec. 736 (return of verdict); United States v. Noble, 294 F. 689, aff. (C.A. 9), 300 F. 689 (additional instructions to jury); State v. Way, 76 Kan. 928, 93 P. 159 (return of verdict); State v. Smith, 183 Wash. 136, 48 P. 2d 581, 100 A.L.R. 474 (taking of testimony); Lowman v. State, 80 Fla. 18, 85 So. 166 (absences during questioning of juror and during the taking of testimony); People v. Harris, 302 Ill. 590, 135 N.E. 75 (absence from substantial part of trial); State v. McGinnis, 12 Idaho 336, 85 P. 1089 (argument of counsel); State v. Rubaka, 82 Conn. 59, 72 A. 566 (examination of jurors); Yates v. Commonwealth, 215 Ky. 725, 286 S.W. 1046 (taking of testimony); Kindrick v. Commonwealth, 226 Ky. 144, 10 S.W. 2d 639 (retirement of jury); State v. Thurston, 77 Kan. 522, 94 P. 1011 (reading portions of evidence back to jury); Scott v. State, 113 Neb. 657, 204 N.W. 381 (further instructions to jury); Henry v. State, 94 Fla. 783, 114 So. 523 (return of verdict); Barton v. [789] State, 67 Ga. 653, 44 Am. Rep. 743 (return of verdict); Frey v. Calhoun, 107 Mich. 130, 64 N. W. 1047 (return of verdict). And see the annotation in 100 A.L.R. at pages 480 et seq.; where most of the above cases and others are discussed, and the cases cited in 23 A.L.R. 2d, page 478 et seq.; also, Dangel, Crim. Law, (1951) pp. 345 et seq.

The Missouri courts have held brief absences of a defendant during the taking of evidence or during argument to be nonprejudicial error. Thus see: State v. Gonce, 87 Mo. 627; State v. Bell, 70 Mo. 633; State v. Grate, 68 Mo. 22. This court stated (State v. Gonce, 87 Mo., l. c. 633) that to reverse a judgment on account of a brief voluntary absence of the defendant, when such was not called to the attention

of the court, "would be to establish a dangerous precedent * * *." In State v. Murphy, 292 Mo. 275, 237 S.W. 529, it appeared that defendant had been absent during the taking of some more or less formal testimony; when he returned, most of the testimony was taken again. This court held that he was not prejudiced, though stating that his presence "could not be waived."

In State v. Brewer, 109 Mo. 648, 19 S.W. 96, complaint was made that the defendant (who was on bail) had been absent at the time of the qualification of one juror. In discussing the matter, the court said: "This practice cannot be tolerated. The improper impaneling of the jury was a matter of exception. As none was taken, it cannot be noticed here. State v. Hayes, 81 Mo. 574. We are cited to State v. Smith, 90 Mo. 37. In that case the defendant brought the matter to the attention of the court and demanded the right to examine the jurors on voir dire. This being refused, he duly saved his exceptions. That case went to the extreme. We are not disposed to extend it. When a defendant is on bail, it is his duty to be in attendance upon the court. The judge has other duties to perform besides watching the personal movements of the defendant. No possible prejudice is suggested here as resulting from this temporary absence, and it is no ground for reversal. State v. Grate, 68 Mo. 22." In State v. Hope, 100 Mo. 347, 13 S.W. 490, in discussing the proviso of the statute permitting a verdict to be received during defendant's voluntary or willful absence, the court says that the statute "evidently proceeds on the assumption that by such wilful or voluntary absence the defendant waives the right to be present, * * *" We mention this merely to illustrate the recognition of the doctrine of "waiver" in the Missouri law, despite the case of State v. Smith, 90 Mo. 37, 1 S.W. 753. The court there further said, l.c. 359: "* * * The issue actually before us requires only a decision upon the validity of a waiver, by defendant's own act, of his right to be personally present at the rendition of the verdict." The court then held the statute to be constitutional and apparently regarded it as merely a recognition and expression of the common law waiver by defendant of a *right* which he had. As further illustrating this view, the court cited, evidently with approval, a number of cases holding that even in the absence of a statutory proviso such as ours, a voluntary absence by defendant constituted a waiver of his right to be present either at the rendition of a verdict or at other phases of the trial. (100 Mo., l.c. 360).

In State v. Neal, 350 Mo. 1002, 169 S.W. 2d 686, it was held that a defendant could and did waive his constitutional right to be present at the presentation of his motion to quash the indictment, although he was in jail at the time.

Respondent urges that the discharge of the jury for failure to agree is not a material part of the trial. To this we cannot assent, and we prefer to put our decision on other grounds. From a consideration of

the authorities we conclude that while a defendant in a felony case has the inherent *right* to be present at all material stages of his trial, if he consciously and voluntarily absents himself from the place of trial at a time when the jury is discharged after adequate deliberation, for a failure to agree, he may not complain. We confine [790] this decision strictly to the facts of this case; it makes no great difference whether we call this an implied waiver or merely a failure of defendant to exercise his right and privilege to be present. We think that the present wording of our statute (§ 546.030) permitting the reception of a verdict during the voluntary or willful absence of the defendant is declaratory of a policy that such *rights* may be waived. We do not agree with the statements in State v. Smith, supra, that the expression of that exception necessarily excludes all other exceptions, and that in no other instance may the actual presence of defendant be waived. It is certainly no more important that defendant be present when a mistrial is declared than that he be present when a verdict is returned. We do not believe that the legislature meant to say that the defendant must, in all events, be present at every other stage of the trial. We are not overruling the Smith case; it is based on entirely different facts; we do hold, however, that the language so used there should not be applied to the situation presented in this case. The same is true of the statement in State v. Murphy, 292 Mo. 275, 237 S.W. 529, that defendant's presence "could not be waived."

In this case defendant's absence was evidently inadvertent. But to hold that a defendant, who is at liberty during the trial, must in all events be present at every material step, is to place in his hands the power completely to nullify the trial. If he should absent himself and remain away the court would simply have to suspend all proceedings, and eventually discharge the jury and declare a mistrial. And then, on the present contentions, the defendant would also claim an improper discharge and the right to an acquittal because of the jeopardy of the unfinished trial. Such a result is to us unthinkable. It is the duty of such a defendant "to wait upon the court," and to be present at all times when he may anticipate that proceedings might take place; here a jury had been out for approximately two days, and certainly its report and discharge could not have been wholly unexpected. Moreover, we think that defendant's absence here, and under these circumstances, could not have been prejudicial. Our present holding is based on this fact, as well as the fact of a waiver. We must presume that the court here properly exercised his discretion in discharging the jury, and certainly the facts of record so indicate; indeed, the contrary is not suggested. It would have been the better practice to wait for the defendant, but the discharge of the jury was not wrongful or illegal and did not work an acquittal.

Some authorities seem to distinguish between a waiver of the right to be present in capital cases and in felony cases generally. (Annota-

tion, 23 A.L.R. 2d 491; 23 C.J.S. Crim. Law, § 975). We see no logical basis for the distinction, for the state is interested, certainly, in all felony prosecutions. Moreover, the Missouri Legislature, in amending our statute in 1879 (now § 546.030), made no distinction between the requirement of the presence of the defendant in capital cases and in other felony cases; unless it speaks again we may well regard this as a declaration of state policy. The question is more or less academic here, for the only conviction is of second degree murder with a ten-year sentence imposed.

The details of due process are not dictated to the states, and in this class of cases, generally, no federal question is involved. Frank v. Mangum, 237 U.S. 309, 59 L. Ed. 969. It is within the power of a state to establish its rules of practice in such matters (id.).

We feel that the principles here announced better promote the administration of justice than would a literal and dogmatic interpretation of the statute and rules providing for defendant's presence; we do not believe that in this decision we are infringing upon the defendant's inherent *right and privilege* to be present. Finding, thus, that the discharge of the jury at the first trial was not illegal or improper, and that such trial did not, under our Constitution, constitute a former jeopardy, the present judgment is affirmed.

It is so ordered. All concur.