STATE of Missouri, Respondent,

v.

Tommy Lee COLBERT, Appellant.

No. 48034.

Supreme Court of Missouri,

Division No. 1.

Feb. 13, 1961.

Motions for Rehearing or to Transfer
to Court en Banc Denied
March 13, 1961.

Gray & Jeans, St. Louis, for appellant.

John M. Dalton, Atty. Gen., James E. Conway, Asst. Atty. Gen., for respondent.

HOUSER, Commissioner.

Tommy Lee Colbert was charged with robbery in the first degree with a dangerous and deadly weapon. In the same information he was charged under the Habitual Criminal Act (§ 556.280 [1] as amended Laws 1959, S.B. No. 117, § 1).

Prior to the empaneling of the jury the circuit judge conducted a hearing in chambers, resulting in a finding that defendant previously had been convicted of two felonies, sentenced to concurrent five-year terms, imprisoned in the penitentiary and discharged upon lawful compliance with those sentences.

The jury found defendant guilty of robbery in the first degree with a dangerous and deadly weapon. Defendant filed a motion for new trial, which was overruled. The trial judge fixed the punishment at 15 years imprisonment in the penitentiary. Defendant has appealed from the judgment of conviction.

Appellant first complains that he was not present during the proceedings in chambers when evidence relating to prior convictions was introduced; that there was a "failure to afford the defendant the right to face his accusers and be present during the entire trial," in violation of Amendment VI of the Constitution of the United States, Art. I, § 18(a) of the Constitution of 1945 (Missouri), V.A.M.S., and § 546.030; that he was prejudiced by not having been afforded the basic right to be present and to

[1]. All section citations refer to RSMo 1949, V.A.M.S.

confront and meet face to face the witness who produced the records and to be present when the record evidence of habitual criminality was being introduced. Appellant contends that this step in the trial, affecting the course of the subsequent procedure and the assessment of the punishment to be inflicted, was a material, substantive and important stage of the proceedings which required his attendance in person.

The Attorney General counters with the suggestion that § 556.280, outlining the manner of determining whether a defendant is an habitual criminal and prescribing the procedure, deals with a procedural and not a substantive matter, and that it is not necessary for the defendant to be present when strictly procedural matters are before the court; that, for example, it is not necessary for the defendant to be present when a case is continued, State v. Carroll, 333 Mo. 558, 62 S.W.2d 863; when a case is set for trial, State v. Bobbst, 269 Mo. 214, 190 S.W. 257; when the sheriff is ordered to summon the jury for a subsequent date for trial, State v. Barrington, 198 Mo. 23, 95 S.W. 235, or at the hearing of a motion for new trial, State v. Stucker, 352 Mo. 1056, 180 S.W.2d 719, for these are merely procedural matters; that his presence is required only when substantive matters are considered. State v. Crocket, 90 Mo. 37, 1 S.W. 753.

█ No right of appellant under the Sixth Amendment could have been affected because the Sixth Amendment applies exclusively to federal criminal procedure, and is not a limitation on the state courts. State v. Merchant, Mo.Sup., 119 S.W.2d 303; Skiba v. Kaiser, 352 Mo. 424, 178 S.W.2d 373; Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595.

The portions of Art. I, § 18(a) of the Constitution of Missouri, 1945, invoked by appellant provide: "That in criminal prosecutions the accused shall have the right to appear and defend, in person * * *; * * * to meet the witnesses against him face to face; * * *."

The portion of § 546.030 relied upon provides: "No person indicted for a felony can be tried unless he be personally present, during the trial; * * *." (And see Supreme Court Rule 29.02, V.A.M.R.)

The record shows the following: On September 14, 1959, the date the case was set for trial, before the voir dire examination of the jury panel was begun, certain proceedings were had in chambers. Defendant and his attorney were both present at the commencement of these proceedings. The assistant circuit attorney sought to present to the judge the record of two prior convictions. Appellant's attorney objected to the introduction of any records of prior conviction. Appellant participated personally in these proceedings, voicing his objection to trial under the new law and his willingness to be tried under the Second Offender Law as it existed prior to August 29, 1959. There was an exchange of views culminating in an understanding between the assistant circuit attorney and the attorney for appellant that the latter be tried under the Second Offender Law as it existed prior to the enactment of Laws 1959, S.B. No. 117, § 1 (present § 556.280). A temporary recess was declared. When the proceedings in chambers were resumed after the recess, appellant was not present in chambers. Appellant's attorney, however, was present and he participated in the proceedings. The record does not show the reason for appellant's absence, or that appellant was denied the right to be present, or that the judge, assistant prosecuting attorney or appellant's counsel noticed his absence at that time. If his counsel was aware that appellant was not then in chambers he did not so indicate, for he made no request that the judge await the return of appellant or that appellant be sent for, nor did he object to the resumption of the hearing in appellant's absence. Upon resumption of the hearing in chambers there was a conference between the assistant and the first assistant circuit attorney. The State determined to proceed under the new Second Offender Law. The State called the record clerk. He identified and read the

records of appellant's two prior convictions. The State then offered a certified transcript of the record of Tommie Colbert at Missouri State Penitentiary showing that Tommie Colbert had served a portion of two concurrent five-year sentences for robbery and grand larceny and had been discharged under commutation of sentence by the Governor. Appellant's attorney objected that there was no showing that Tommie Colbert was Tommy Lee Colbert; that on the face of the record they were not the same; that there was no corroborative evidence that the two names referred to the same individual; that the certification of the transcript was inadequate and that the transcript was hearsay. The objections were overruled. The court then made the finding summarized in paragraph two of this opinion.

After the hearing in chambers, and at all times during the voir dire examination, trial on the merits, reception of verdict, etc., appellant was present in person and by attorney.

Section 556.280 provides a mode of procedure. State v. Morton, Mo.Sup., 338 S.W.2d 858, loc. cit. 863. The procedure therein provided for, however, relates to matters of an essential and vital nature. Whether one shall be judged as an habitual criminal, or as a first offender, and whether judge or jury shall assess the punishment, upon conviction, are matters which to one charged with crime are second in importance only to the question of his guilt or innocence. The defendant has the right to be present at the hearing referred to in paragraph 2 of § 556.280, and the trial judge should not conduct such a hearing in the absence of the defendant. In this case, however, the question presented should not be determined on the basis of whether the matter is substantive or procedural. An application of the reasoning in State v. McCrary, 365 Mo. 799, 287 S.W.2d 785, is apropos. We reaffirm what was said in McCrary. The administration of justice will not best be promoted by requiring a rigid and unyielding conformance to Rule 29.02 (first clause of

§. 546.030), in all cases and regardless of the circumstances. Inevitably exceptional cases calling for amelioration will arise. In justice it must be held that under the particular circumstances under review appellant failed to exercise and therefore waived his right and privilege to be present. It is the duty of a defendant in a criminal trial to "wait upon the court" and be present at all times when he may anticipate that proceedings may take place. A defendant who is present at the commencement of a hearing under paragraph 2, § 556.280 is not to be given the power to suspend or nullify the proceedings by inadvertently, inconspicuously and temporarily absenting himself from the presence of the court. Furthermore, and most importantly, appellant was not prejudiced in the instant circumstances. His rights were as fully protected as if he had been sitting at his attorney's elbow at all times. His attorney, as to whose competence there is no question, was present at all times, actively participating in the hearing, making numerous objections, ably representing and promoting appellant's interests. Nothing indicates that the defense suffered because of appellant's absence during the short interval in question, or that if appellant had been present the record clerk could have been more effectively dealt with by cross-examination, or that appellant, if present, could have guided and advised his attorney and thereby the better enabled him to interpose objections to the introduction of the certified transcript. There is no contention that the records and documents introduced in appellant's absence were not genuine or did not correctly recite the facts with reference to prior convictions, sentence, imprisonment and discharge. We rule that the absence of appellant during the short interval in question, and under the peculiar circumstances of this case, while to be deplored, was inconsequential and non-prejudicial.

Nor was appellant denied the "right to appear and defend, in person," under Art.

I, § 18(a) of the Constitution of 1945. Appellant exercised his right to appear. Appellant was actually in the process of defending himself, personally and with the aid of competent counsel, when he disappeared from the place of the hearing for a short time. Appellant gave no explanation or accounting for his disappearance. There is no suggestion or intimation that his absence was forced or involuntary. No denial or deprivation of a constitutional right has been shown. This point is disallowed.

■ Appellant's second point is that § 556.280 is unconstitutional; that it is ex post facto legislation, in that it became effective after the previous convictions and after the commission of the offense with which appellant was charged. This same contention, made and expressly overruled in State v. Morton, supra, 338 S.W.2d, loc. cit. 862, 863, is again disallowed for the same reasons.

■ Appellant's third point is that § 556.280 is unconstitutional for the reason that it denied appellant the equal protection of the laws in that it infringed his right not to be compelled to testify against himself. Appellant's theory is that when a jury is instructed to return a verdict on the question of guilt or innocence alone (and not on the punishment to be inflicted) the jury (knowing the law and therefore acquainted with § 556.280) would know that the defendant is an habitual criminal; that this knowledge would cause the jury to speculate and conjecture on the nature, number, character and time of commission of the prior offenses; that this would subtly compel and require defendant to take the stand to clarify with respect to the questions which would have arisen in the minds of the jurors, thus requiring him to testify against himself. We regard this contention as speculative, conjectural and insubstantial. A jury sufficiently perspi-cacious to make this deduction should be credited with sufficient understanding to confidently leave the infliction of punishment, upon conviction, to the trial judge, under § 556.280. It would not be necessary for a defendant to take the stand to clarify his previous convictions, for they would be of no concern to the jury. It would not be permissible for him to do so because the circumstances surrounding prior convictions are collateral matters the details of which would tend to confuse and distract the jury from their sole concern in such a situation, which is the determination of the question of guilt or innocence. This point is disallowed.

The information properly charges the offense of which defendant was convicted, and is in proper form under the Habitual Criminal Act. Appellant was personally present at all times, with the slight and inconsequential exception noted, and was represented by competent counsel throughout all stages of the trial, after-trial proceedings, and on this appeal. The verdict is in due form and the punishment (15 years imprisonment), which is within the limits prescribed by law, presumably is more favorable to appellant than that which would have been mandatory under the old Second Offender Act (life imprisonment). Allocution was granted. The judgment and sentence accord with the verdict. The trial judge exercised a strict regard for appellant's right, and accorded him a fair trial in every respect.

The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.