**STATE of Missouri, Respondent,**

v.

**Charles Frank COOK, Appellant.**

**No. 53708.**

Supreme Court of Missouri,
En Banc.

Sept. 9, 1968.

Rehearing Denied Oct. 14, 1968.

Norman H. Anderson, Atty. Gen., McCormick V. Wilson, Sp. Asst. Atty. Gen., Jefferson City, Zane White, Pros. Atty., Rolla, for respondent.

Jay White, Rolla, for appellant.

DONNELLY, Judge.

Appellant, Charles Frank Cook, was convicted by a jury in the Circuit Court of Phelps County, Missouri, of operating a motor vehicle in excess of seventy miles per hour on a divided highway designated and marked as a federal route, a misdemeanor under § 304.010, RSMo 1959, V.A.M.S. (as amended Laws 1965). His punishment was assessed at a fine of $500. Section 304.570, RSMo 1959, V.A.M.S. He appealed to the Springfield Court of Appeals, which Court affirmed the judgment. We ordered the case transferred to this Court and it is determined here "the same as on original appeal." Rule 84.05(h), V.A. M.R., Mo.Const., Art. V, § 10, (1945), V.A. M.S. We reverse and remand.

Trial was had on November 2, 1966, in the Circuit Court of Phelps County, Mis-

souri. The transcript on appeal shows the following:

"THE COURT: State of Missouri vs. Charles Frank Cook, Case No. 2831.

"The State announces ready for trial, is that right?

"MR. HOERTEL: That's right, Your Honor.

"THE COURT: Defendant does not appear. His attorney, Mr. White, appears, but says he cannot announce ready for trial because his client is not present. Is that correct?

"MR. WHITE: Yes, sir, that's right."

The case then proceeded to trial, evidence was heard, instructions were given, and, after the jury returned its verdict, the following docket entries were made by the trial court on November 2, 1966:

"Now on this day this cause coming on to be heard, comes William W. Hoertel, Prosecuting Attorney of Phelps County, Missouri, and the defendant, Charles Frank Cook does not appear in person but does appear by his attorney, Jay White; whereupon defendant's attorney, Mr. White, announces not ready for trial because his client is not present, and the State announces ready for trial. Also comes the jury, impaneled and sworn, to-wit: * * * twelve good and lawful men who being duly selected, tried and sworn the issues herein joined well and truly to try. Trial proceeds with State offering evidence, and being finished, State rests. Defendant offers no testimony. The jury, after hearing the evidence, arguments of counsel and instructions of the Court, retired to their room to consider their verdict. Jury, after deliberating, returned into open Court the following verdict, to-wit: 'We, the jury, find defendant, Charles Frank Cook, guilty, as charged, and assess his punishment at $500.00 fine. Edward R. Sands, Foreman.' Verdict received and filed by the Court and jury discharged in this cause."

On December 7, 1966, appellant appeared in the Circuit Court of Phelps County, Missouri, in person and with his attorney, and was sentenced.

Appellant contends that the trial court "erred by proceeding with the trial in defendant's absence." We agree.

Section 546.030, RSMo 1959, V.A.M.S., reads as follows:

"No person indicted for a felony can be tried unless he be personally present, during the trial; nor can any person be tried or be allowed to enter a plea of guilty in any other case unless he be personally present, or the court and prosecuting attorney shall consent to such trial or plea in the absence of the defendant; and every person shall be admitted to make any lawful proof by competent witnesses or other testimony in his defense; provided, that in all cases the verdict of the jury may be received by the court and entered upon the records thereof in the absence of the defendant, when such absence on his part is willful or voluntary, and when so received and entered shall have the same force and effect as if received and entered in the presence of such defendant; and provided further, that when the record in the appellate court shows that the defendant was present at the commencement or any other stage of the trial, it shall be presumed, in the absence of all evidence in the record to the contrary, that he was present during the whole trial." See also S.Ct.Rules 29.02 and 29.04, V.A. M.R.

The statute and rules provide that no person can be tried in cases involving felonies or misdemeanors unless he be personally present, subject to certain recognized exceptions. For example, in cases involving felonies or misdemeanors, "when the record in the appellate court shows that the defendant was present at the commencement or any other stage of the trial, it shall be presumed, in the absence of all evidence to the contrary, that he was present during the whole trial." Cf. State v. Hope, 100 Mo. 347, 13 S.W. 490 (1890); State v.

Kenyon, 343 Mo. 1168, 126 S.W.2d 245 (1938); State v. McCrary, 365 Mo. 799, 287 S.W.2d 785 (1956); and State v. Colbert, Mo.Sup., 344 S.W.2d 115 (1961). Further, *if the accused requests,* and the Court and prosecuting attorney consent, a trial may be had in a misdemeanor case with the accused absent. State v. Norton, Mo.Sup., 347 S.W.2d 849 (1961); City of St. Louis v. Walker, Mo.App., 309 S.W.2d 671 (1958); S.Ct.Rule 37.485, V.A.M.R.

The exceptions do not apply in this case. The transcript on appeal does not affirmatively show that appellant was present at the commencement of the trial or at any other stage of the trial. Cf. State v. Able, 65 Mo. 37, 38 (1877), a felony case. No request of appellant for a trial in his absence appears of record. The conviction cannot stand. See Annotation, 68 A.L.R. 2d 638.

The judgment is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

HOLMAN, C. J., and HENLEY, FINCH and EAGER, JJ., concur.

STORCKMAN, J., dissents in separate dissenting opinion.

SEILER, J., dissents and concurs in dissenting opinion of STORCKMAN, J.

### DISSENTING OPINION

STORCKMAN, Judge.

The majority opinion overlooks or fails to deal with what appears to me to be the decisive part of § 546.030, RSMo 1959. The first clause of the section requires that the defendant in a felony case be present at all times during the trial.

The case before us, however, is a conviction of a traffic violation for exceeding the legal limit. This is a misdemeanor under § 304.010–6 and a fine of $500 was assessed. The second clause of § 546.030 covers misdemeanors and provides as follows:

"nor can any person be tried or be allowed to enter a plea of guilty in any other case unless he be personally present, or the court and prosecuting attorney shall consent to such trial or plea in the absence of the defendant;"

The remainder of § 546.030 is not germane to the question before us.

The two Daugherty cases directly decide the issues dealt with in the majority opinion. State v. Daugherty, Mo.App., 250 S.W. 957, was an appeal from a conviction of violating the liquor laws which was a misdemeanor. The defendant was absent at the time of trial and in holding that his failure to appear did not render the trial improper the court stated at page 958: "It appears in the judgment and sentence that defendant was not present at the trial, but it also appears that the prosecuting attorney and the court consented that the trial proceed in the absence of the defendant. Defendant was charged with the commission of a misdemeanor; hence the procedure to trial, the prosecuting attorney and the court having consented that the trial proceed in the absence of the defendant was proper. Section 4008, R.S.1919." The 1919 statute was the same as § 546.030.

In State v. Daugherty, 215 Mo.App. 307, 250 S.W. 958, the record failed to show that the circuit judge and the prosecuting attorney consented to try the defendant in his absence. The court held that the absence of such entry did not constitute error stating at page 959: "We do not think, however, that this was a material defect in the judgment, because the record shows that the court, after hearing the evidence as to defendant's illness, refused to postpone the case and ordered that the trial proceed. It is also shown that the prosecuting attorney was objecting to any postponement of the case. With this in the record it is clearly shown that the trial judge and prosecuting attorney not only consented to try the defendant in his absence, but were insisting that the trial be had in his absence."

On June 8, 1954, the Attorney General of Missouri rendered an opinion in response to a request by the prosecuting attorney of Wayne County that a magistrate or circuit court may receive a plea, try a defendant, or pronounce sentence upon him in a misdemeanor case in the absence of such defendant with the consent of the court and the prosecuting attorney. Op.Atty.Gen. No. 59, 6–8–54. In arriving at this decision the Attorney General reviewed relevant statutes including § 546.030.

Supreme court rules are consistent with the statutory provisions. Rule 29.02 is identical in legal effect with the first two clauses of § 546.030, but the second clause mentions misdemeanors specifically and reads as follows: "nor shall any person be tried for or be allowed to enter a plea of guilty of a misdemeanor unless he be personally present or the court and prosecuting attorney shall consent to such trial or plea in the absence of the defendant." Rule 29.02 is included in criminal procedure generally. Supreme Court Rule 37.86 was enacted with special reference to municipal and traffic courts and reads as follows: "No person shall either be tried or permitted to enter a plea of guilty unless he be personally present or the court consent to such trial or plea in the defendant's absence. The defendant's presence in court shall not be required in the event of a reduction of sentence."

The majority opinion refers to S.Ct. Rule 37.485 which became effective January 1, 1961, and deals with the arrest of a party without a warrant for a misdemeanor involving a traffic offense and provides that, upon the furnishing of bail as therein stated, "he shall be released from custody and he may consent in writing to be tried in his absence if he does not appear." The second paragraph of this rule further provides that if the defendant does not appear, default may be taken and, if not set aside and "the party has consented to a trial in his absence, the magistrate may proceed with the trial and render judgment", and if the party is found guilty the court may assess such fine against him as is authorized by law. This rule was designed to permit the offender to be released and his fine be assessed and paid without his returning for trial. Moreover, the language is permissive, but if it is construed to be mandatory, a conflict is presented with the court's own rules 37.86 and 29.02, as well as with the statute, § 546.030. There are no words in the latter two rules or statute that can be construed as requiring the consent of the defendant to a trial in his absence.

In the event of a conflict between Rule 37.485 and the second clause of § 546.030, the statute must prevail. In a similar situation in State v. McClinton, Mo., 418 S.W.2d 55, this court held that the manner of waiving jury trial in a misdemeanor case is within the legislative control of the general assembly unless the Constitution provides otherwise and that a supreme court rule requiring a waiver of trial by jury to appear upon the record had no validity against a contrary statutory provision. 418 S.W.2d at pages 61 and 62.

What we said regarding the constitutional status of petty or minor offenses in the McClinton case, 418 S.W.2d at pages 60 and 61, is vindicated in part at least by the United States Supreme Court in Dyke v. Taylor Implement Mfgr. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538, at page 542, wherein the court held that the constitutional guaranty of trial by jury does not extend to "petty crimes" and that a six-month sentence is short enough to be petty.

Most of the decisions cited in the majority opinion are felony cases which tend in some respects to support the views herein expressed. See State v. McCrary, 365 Mo. 799, 287 S.W.2d 785, 789–790 [1–3].

State v. Norton, Mo., 347 S.W.2d 849, involved the right of the state to forfeit the bond of a defendant after the information had been held insufficient and he had been discharged. If a holding that the defendant's presence is necessary in a mis-

demeanor case is within the issues decided, then the decision seems to be squarely in conflict with § 546.030 and similar rules of this court. This is also true of City of St. Louis v. Moore, Mo.App., 288 S.W.2d 383. Neither the statute nor the rules justify such a construction.

The majority opinion overthrows a practice which has worked well in cases of petty offenses of which traffic cases are a good example. A violator may choose to have the penalty imposed in his absence. Under the statute and rules, however, the judge or prosecutor can prevent this by objecting. If the defendant in such a case can avoid disposition of his case by the simple device of not appearing, the work of the courts will be seriously and unnecessarily impeded. The record in this case is a glaring example of why the statute should not be changed. The defendant simply did not appear. Neither he nor his counsel gave an explanation or requested a continuance.

For these reasons I respectfully dissent.