**STATE of Missouri, Respondent,**

v.

**Robert CARPENTER, Appellant.**

No. 37261.

Missouri Court of Appeals, St. Louis District, Division Four.

Sept. 7, 1976.

James C. Jones, III, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Robert Carpenter, charged by indictment with operating an automobile without the consent of the owner and also with the commission of a prior felony, was found guilty by a jury and sentenced by the court to imprisonment for a term of five years. We affirm.

Appellant does not challenge the sufficiency of the evidence. We need only to relate that a jury reasonably could find that on April 3, 1975, Pat English parked her husband's Lincoln automobile near the St. Louis Children's Hospital, and that a short time later she discovered the automobile was gone. On April 9, 1975, the police stopped appellant on North Kingshighway while driving the English automobile. Neither Pat English nor her husband had given appellant permission to use the automobile.

The case was set for trial on June 30, 1975. The record does not indicate precisely what happened, but before the voir dire examination of the jury appellant in some manner misconducted himself in the courtroom.

The nature of misconduct is revealed somewhat by the following comment of the court: "As a practical matter, shackling him to a chair would not lessen the disturbance that he's capable of creating and [has] indicated he would create. I don't think gagging him and shackling him would be the answer either inasmuch as he has evidenced at least to my satisfaction and I think to those who have witnessed his performance so far that he's fully capable of creating a disturbance with a gag in his mouth and with [him] being handcuffed to a chair, by jumping the chair up and down and jumping up and down and making various and sundry sounds even though there is a gag in his mouth."

Appellant does not contend on this appeal that he did not create a disturbance in the courtroom, and he does not contend that the remedial action of the court, subsequently set out, was not justified under the circumstances.

After the disturbance was quieted, the court said: "Mr. Carpenter, we're starting your trial. Now you have two choices, really, you can either sit there and be present, that you have a right to do, and I'm inviting you to do that, all through the trial and be a gentleman; or, if you're going to act up, of course, I'll have you removed from the courtroom and you will be tried regardless of where you are." Appellant replied: "Well, that's all right, all I want is two days to get my own lawyer, that's all I'm asking for." In the discussion that followed appellant's counsel, a member of the staff of the office of Public Defender, stated that appellant had previously been represented by two other lawyers, that he had represented appellant "since April," and that although he had seen him personally and had "talked to him on the phone constantly since [he] had been on the case" appellant had made "no mention * * * at any time that he desired to have other counsel * * * or that he was going to hire private counsel, [and that] today was the first time that [appellant] ever mentioned this to me." Appellant's counsel did not request a continuance, and there is no contention on this appeal that a continuance should have been granted.

After advising appellant of his right to be present during his trial, but admonishing him that if present he would have to behave himself, the court asked: "Do you want to go to trial and sit there? Or do you want to go and be in the cell?" Appellant replied: "In the cell." The court then stated: "Let the record show that the defendant has indicated that he'd rather be in the cell than sit in the courtroom, and his conduct

in the last ninety seconds in this courtroom has been reprehensible, and at my direction then the Sheriff is taking the defendant and placing him in the cell, because of his conduct and because of his expressed wishes."

Before the start of the voir dire examination the court stated that it proposed to tell the jury panel that appellant was "being tried in absentia because of his prior conduct in the courtroom." Defense counsel objected "to anything being said about why he's not being here." The court then commented that the alternative would be "to bring him back in and have him act up in their presence." Defense counsel agreed that this "probably" would be more prejudicial. No mention was made to the jury as to why appellant was absent.

At the conclusion of the voir dire examination of the jury, but before it was sworn, the court directed that appellant be brought into the court's chambers and in the presence of counsel the court said: "I again want to advise you of your right to be present in the courtroom during all these proceedings; I am inviting you to be in the courtroom to fully participate in the proceedings provided you do so in an orderly manner and in such a manner that this case will be tried orderly. You have a right under the law to confront the witnesses and I so invite you to take advantage of that right and to participate in this trial provided that you do so in an orderly manner and not be disruptive in any way. So again I'm extending this invitation to you, before the jury is sworn, to participate in the trial in an orderly and gentlemanly manner. I'd like to know what your wishes are at this time." Appellant replied: "Go in the back." The court then asked: "You do not wish to participate in the trial?" Appellant replied, "I want to go back to the cell."

After the State presented some of its evidence, the court recessed for the day. The next morning, appellant was brought to the court's chambers where the court again advised appellant of his right to be present and to confront the witnesses against him, and the court again invited appellant to be present. This time appellant expressed the desire to be present and he agreed that he would not engage in any disorderly conduct. Appellant was present throughout the remainder of the trial.

We note here that this is not a situation where an accused was removed from the courtroom during his trial against his wishes because of a courtroom disturbance. We have here the situation where the court gave appellant the choice of remaining in the courtroom and not creating a disturbance or remaining out of the courtroom. Appellant said he wanted to remain out of the courtroom rather than comply with the condition, and the court honored his wish.

■ Appellant first asserts that the trial court erred in permitting the voir dire examination of the jury and a part of the trial to be held while he was absent from the courtroom because the "Defendant must be present at all material stages of the trial except when the court [receives] the verdict, and such right cannot be waived."

Appellant cites *State v. Smith*, 90 Mo. 37, 1 S.W. 753 (reported in 1 S.W. 753 as *State v. Crockett*) (1886); *State v. Murphy*, 292 Mo. 275, 237 S.W. 529 (1922); and *State v. McCrary*, 365 Mo. 799, 287 S.W.2d 785 (1956). He does not cite *State v. Drope*, 462 S.W.2d 677 (Mo.1971), in which the three above cases were discussed at length and which expressly ruled this point adversely to appellant's contention. We note here that the conviction in the *Drope* case was subsequently set aside in *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), in a review of a post-conviction proceeding pertaining to an issue not presented in the original appeal. The ruling of the *Drope* case that an accused can waive his constitutional right to be present at his trial and confront the witnesses against him is the latest pronouncement by the Supreme Court of this State. We see no occasion to again relate the basis for that ruling.

Appellant next asserts that if an accused can waive his right to be present at his trial, "there was no waiver in this case as it was not knowingly, intelligently and voluntarily waived."

Although, as held in *State v. Drope*, supra, an accused may waive his constitutional right to be present at his trial and confront the witnesses against him, such waiver must be knowingly, intelligently and voluntarily made, *State v. Fields*, 434 S.W.2d 507 (Mo.1968), and whether there was such a waiver depends upon what has been tritely referred to as the totality of the circumstances of each case. *State v. Ambus*, 522 S.W.2d 306 (Mo.App.1975). Appellant argues that "the trial court did not sufficiently advise [him] of the effect of his absence from the courtroom." We note in this connection that at trial appellant was represented by a member of the staff of the Public Defender, which office represents appellant on this appeal. His counsel witnessed the disturbance in the courtroom, and after the court had announced that appellant was to be excluded from the courtroom unless he agreed to conduct himself properly, he commented: "I think because of the actions of my client, I can see where the Court had little choice." He then objected to going to trial without appellant being present because his absence would "in some way affect these jurors." Although he had frequently conferred with appellant and apparently had some basis to judge his capabilities, he at no time directly or by inference indicated to the court that appellant's choice to be absent from the courtroom rather than be present and behave was not or could not be a decision knowingly, intelligently and voluntarily made by him. This is not the case of a person being called upon to make a decision whether to waive a fundamental right without the aid or benefit of counsel. Nor is this a case of a person inexperienced in court procedure. Appellant had been convicted on a prior occasion. It is true that the record does not reflect whether or not appellant did in fact advise with his counsel concerning his decision, but it does reflect that at all times his counsel was available and that at no time did counsel interpose any objection, or raise any question, as to the propriety of the remedial action taken by the trial court for the reasons now presented to this court. The fact that counsel was present and available, not only to advise appellant when requested but with the duty to protect appellant's interests, is a strong and compelling circumstance to be considered.

It is evident from the record that appellant had decided that by creating a disturbance in the courtroom he intended to prevent his trial from taking place. We do not agree with the Public Defender's charge in his brief that the court's assurance to appellant that the trial would proceed constituted a "veiled threat." We note that the charge is made that the court did not sufficiently advise appellant, but when the court correctly told appellant the consequences of his conduct, the Public Defender now charges the court with having made a veiled threat.

When we review the entire occurrence, we find a preconceived plan on the part of appellant, who was not a novice in courtroom procedure, to thwart the judicial process and prevent his trial by engaging in conduct which the court characterized as "reprehensible," and that with counsel present who interposed no protest or objection whatever as to his ability to knowingly and intelligently determine his course of action in furtherance of his plan appellant voluntarily elected to absent himself from the courtroom during a portion of his trial rather than be present and not create a disturbance. We find absolutely nothing to indicate that appellant could not or did not appreciate fully the consequences of his decision, made with counsel present to advise him, to waive his constitutional right to be present in the courtroom during his trial.

Appellant's final point is that the trial court erred in giving Instruction No. 5, the verdict-directing instruction, because it ignored his defense that he had operated the automobile with the belief that he had permission to do so from the person whom he believed to be the owner.

Appellant admits that this contention was not assigned as error in the motion for new trial, but requests that it be considered as a matter of plain error within the mean-

ing of Rule 27.20(c). Instruction No. 5 followed the form of MAI–CR 7.80, including the use of the third paragraph, which, as stated in the Notes on Use, must be included when there is evidence that the accused acted in good faith that he had the permission of the owner. For this reason, plain error within the meaning of Rule 27.20(c) did not occur.

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.